**IN THE UNITED STATES DISTRICT COURT
FOR THE __SOUTHERN___ DISTRICT OF TEXAS
__HOUSTON___ DIVISION**

United States Courts
Southern District of Texas
FILED

OCT 1 1 2002

Michael N. Milby, Clerk

LEONARD WAYNE KITT #655955
Plaintiff's name and ID Number

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
Place of Confinement

# H-02 -3872

CASE NO: _____
(Clerk will assign the number)

v.

THE STATE OF TEXAS GOVERNOR RICK PERRY STATE CAPITOL P.O. BOX 12428
Defendant's name and address AUSTIN TEXAS 78711

HARRIS COUNTY MR. DANIEL RIZZO, CHARLES ROSENTHAL JR. 600 CRIMINAL JUSTICE
Defendant's name and address CENTER 1201 FRANKLIN ST. HOUSTON TEXAS 77002

CHIEF OF POLICE CLARENCE O"NEAL BRADFORD, L.S. OTT 61 RIESNER ST. HOUSTON
Defendant's name and address TEXAS 77002
(DO NOT USE "ET AL.")

I.    **PREVIOUS LAWSUITS:**

A. Have you filed *any* other lawsuits in state or federal court relating to your
imprisonment?                                    X   YES  ____ NO

B. If your answer to "A" is "yes", describe each lawsuit in the space below.
(If there is more than one lawsuit, describe the additional lawsuits on another piece of paper,
giving the same information.)

1. Approximate date of filing lawsuit: __FEB. 10th 1995_____

2. Parties to previous lawsuit:
Plaintiff(s) _LEONARD WAYNE KITT_____

Defendant(s) Gary L. Johnson Director of TDCJ_____

3. Court (If federal, name the district; if state, name the county) Harris_____

4. Docket Number: _18,948-02_____

5. Name of judge to whom case was assigned: Michael McSpadden_____

6. Disposition: (Was the case dismissed, appealed, still pending?)

__Denied without written order_____

7. Approximate date of disposition: _10-18-95_____

ATC1983 (Rev. 2/00)                                    2

CONTINUATION OF LAWSUITS FROM PAGE 2.

Application for Writ of Habeas Corpus filed january 8, 1999. Dismissed forWrit Abuse on March 24th, 1999, cause no 18,948-03.

Application for Writ of Habeas Corpus filed May 4th, 1999. Texas Court of Criminal Appeals dismissed it for Writ Abuse on August 18, 1999. Application No. 18,948-04.

2254 was filed on April 14th, 1997. On 2-25-98 the Southern District United States Court dismissed the action without prejudice, by granting Kitt's motion for voluntary dismissal, so Kitt could exhaust State remedies. Civil Action No. H-97-1338.

On September 20, 1999 a second 2254 was filed. This was denied on 6-25-01 by the U.S.D.C. Civil Action No. H-99-3163

2.a.

**II.   PLACE OF PRESENT CONFINEMENT:** MICHAEL UNIT TDCJ I.D.

**III.  EXHAUSTION OF GRIEVANCE PROCEDURES:**
Have you exhausted both steps of the grievance procedure in this institution? ___ YES x NO
Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV.   PARTIES TO THIS SUIT:**
A. Name of address of plaintiff: LEONARD WAYNE KITT #655955 P.O. BOX 4500
TENNESSEE COLONY TEXAS 75886

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: GOVERNOR RICK PERRY P.O. BOX 12428 Austin Texas 78711

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
failure to enforce laws of Texas with regards to State Judges

Defendant #2: MR. CHARLES ROSENTHAL DISTRICT ATTORNEY HARRIS COUNTY
1201 FRANKLIN ST. HOUSTON TEXAS 77002.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
failure to enforce laws of State and U.S. with regards to Asst. D.A.

Defendant #3: Mr. Clarence O'Neal Bradford Chief of Police 61 Riesner
St. Houston Texas 77002

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
failure to enforce the laws of State and U.S. in regards to Officers

Defendant #4: Michael T. McSpadden District Judge 17032 Crim. Justice
Center 1201 Franklin Houston Texas 77002

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violation of U.S. Constitutional Rights of Leonard Kitt by racial discr.

Defendant #5: Mr. Daniel Rizzo Assistant District Attorney, 600 Crim.
Justice Center 1201 Franklin St. Houston Texas 77002

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Violation of U.S. Constitutional Rights of Leonard Kitt, through illegal
arrest warrant, and conspiracy.

**V.    STATEMENT OF CLAIM:**

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases of statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Leonard Wayne Kitt's (Applicant herein) U.S. Constitutional
Rights have been violated in State Cause No. 643412. This has

## PARTIES CONTINUED

6. William Hawkins Assistant District Attorney 600 Criminal Justice
   Center Houston Texas 77002.

   Violation of the U.S. Constitutional Rights of Leonard Kitt
   through bribery of witness, and misleading the Jury, resulting
   in denial of fair trial.

7. CHARLES HINTON ATTORNEY AT LAW 6407 Castle Lane Dr. Houston
   Texas 77066

   Violation of Leonard Kitt's U.S. Constitutional Rights through
   ineffective assistance of counsel, by preserving 7 errors in trial
   and not arguing one of them on appeal.

8. Mr. Kenneth Goode Attorney at law 14502 Juniper Forest Lane
   Houston Texas 77062.

   Violation of Leonard Kitt's U.S. Constitutional Rights through
   ineffective assistance of counsel, the preserving of 11 errors at
   trial, and a Motion for Instructed Verdict, without raising any of
   the preserved errors on Appeal.

9. Mr. L.S. Ott Homocide Division Houston Police Department 61 Riesner
   St. Houston Texas 77002.

   Violation of Leonard Kitt's U.S. Constitutional Rights by using
   an illegal unsworn to Affidavit, and Arrest Warrant to arrest Kitt.
   And conspiring with Dan Rizzo to form an illegal warrant.

been commited by the use of an illegal complaint, and arrest
warrant used to arrest Leonard Wayne Kitt. The complaint and
arrest warrant were illegal and void, because they were unsigned
and not sworn to. Also the Affidavit of complaint did not give
probable cause for the arrest of Leonard Wayne Kitt. This was
and is a violation of the fourth amendment of the U.S. Consti-
tution.

1. L.S. Ott a Homocide Detective for the Houston Police Department
   While acting in an Official, and individual capacity did arrest
   Leonard Wayne Kitt in violation of the Fourth Amendment of the
   United States Constitution, by acting upon a warrant that was
   void.

   L.S. Ott while acting in an Official and Individual capacity
   under color of law, also arrested Leonard Wayne Kitt without having
   probable cause to do so. The affidavit of complaint not being based
   on a credible and reliable witness.

   L.S. Ott also arrested Leonard Wayne Kitt while acting in an
   Official and an individual capacity under color of State law, without
   having a particular description of Leonard Wayne Kitt. Because
   conflicting descriptions were given by (1) Demetrus Turner, (see
   Affidavit of Complaint), and (2) Mrs. Sonya Johnson (see page 202
   of S.F. Trial lines 13-18). Demetrus Turner described a dark
   complected black male; Mrs. Sonya Johnson states that it was a
   light complected man. These two different descriptions of the same
   man, could not have truthfully been used to arrest Leonard Wayne
   Kitt.

   All of the above taken together, show that Leonard Wayne Kitts'
   U.S. Constitutional Rights as guaranteed under the Fourth Amendment
   were violated.

2. Dan Rizzo, District Attorney Assistant for Harris County. While
   acting under color of State law in an individual and official
   capacity did conspire with L.S. Ott to illegally arrest with
   a void and illegal complaint and arrest warrant, the complainant
   Leonard Wayne Kitt. See Pre-Trial Statement of Facts page 94
   lines 7-20.

   Both of the above goverment officials while acting under color
   of law did conspire to deny the U.S. Constitutional rights of Leonard
   Wayne Kitt, while acting in an official and an individual capacity.

3.a.

resulted in Leonard Kitt being denied his U.S. Constitutional

Right to effective assistance, both at trial and appeal.

6. CHARLES HINTON defense counsel for Leonard Wayne Kitt
   while acting under color of law as an officer of the court
   in an individual and an official capacity did violate
   Leonard Wayne Kitt's U.S. Constitutional Right to effective
   assistance of  counsel by:

   Placing 6 objections and filing a Motion for Mistrial, and
   then failing to argue these errors on Direct Appeal. Both Mr.
   Charles Hinton, and Mr. Ken Goode were appointed by the Court
   to represent Mr. Kitt at trial, and on Direct Appeal.

   The legal malpractice of preserving error for Appeal, and
   then not arguing the preserved errors on Appeal has resulted
   in Leonard Kitt's U.S. Constitutional Rights being violated.
   These errors prove that Trial and Appellate Counsel made errors
   so serious that their representation fell below an objective
   standard of reasonableness, and was not within the range of
   competence demanded of attorneys in criminal cases.

   These errors also prove that counsel's incompetent
   representation prejudiced the defendant Leonard Wayne Kitt.
   Because there is a reasonable probability that, but for counsel's
   unproffessional errors the result of the proceeding would have
   been different. Had the Instructed Verdict been raised on Appeal
   as well as the other preserved errors it could have resulted
   in an Acquital being rendered. See Walker v. State 615 S.W. 2d
   728, and Jackson v. Virginia 443 u.s. 307, 319.

   This case is a Capitol Murder case, in which the Prosecution

failed to sustain it's burden of proof on the essential elements

of Capitol Murder. It is also a case in which the evidence does

not support the Jury's verdict of guilt. The facts of this case

as supported by the record, as found in the Pre Trial Statement

of Facts, the Trial Statement of Facts, the Affidavit of Complaint,

and the Arrest Warrant, all prove that Leonard Kitt's U.S.

Constitutional Rights have been violated, and that he is incarcerated

in violation of the United States Constitution, through the

Deliberate Indifference, Judicial Misconduct, Prosecutorial

Misconduct, and the Ineffective Assistance of Trial and Appeals

Counsel, as well as the misconduct, or conspiracy of the Officer of Houston Police Department.

The State of Texas is responsible for the training, education, and oversight of it's district Judges to see that they comply with both State and Federal law. In this case Judge McSpadden violated both State and Federal laws. Judge McSpadden allowed a man to be convicted, when he knew the State Prosecution had failed to sustain it's burden of proof on the essential elements of the offense beyond a reasonable doubt. Judge McSpadden also had knowledge of the bribe that was offered to Mr. Vann (the accomplice witness) by the District Attorney's office in exchange for his testimony against Leonard kitt. When a Court officer has knowledge that a fellow court officer has violated State law, it is his duty to report the offender to the proper authorities. See Proffessional Conduct State Bar Rule 8.03 (a). Also the Judge Mr. Michael McSpadden had knowledge of the unsigned, unsworn to, and illegal documents (the affidavit, and arrest warrant) introduced in Pre Trial, and he failed to ineervene to uphold the law. When the Court failed to uphold the Reasonable doubt standard, it was a U.S. Constitutional violation under the 14th Amendment, as well as under U.S. Supreme Court precedent Jackson v. Virginia supra. When the Judge failed to intervene to uphold the law, with regards to the offered bribe, it was a Federal Criminal law violation of Title 18 § 201. The State of Texas is responsible for the actions, and inactions of this Judge in his official capacity, and individual capacity while he was acting under color of State law.

3.f.

The State of Texas is responsible for the actions of it's representatives, when they violate the laws and the Constitutions of this land. As when the District Attorney Mr. Dan Rizzo conspired with I..S. Ott Houston Police Department Homocide Division, to prepare and execute an illegal affidavit and arrest warrant, without probable cause, and without the documents being sworn to. See pages 94 lines 7-20 of the Pre-Trial testimony. Probable cause for the arrest of Leonard Kitt was destroyed when Mr. Robert White (witness on affidavit) gave a negative I.D. in the video lineup of Leonard Kitt. Demetrus Turner's statements in the affidavit could not be used because they are unreliable, being given by a known criminal with a track record, and being contradicted by witness Sonya Johnson. Demetrus Turner states that "Wayne" was a dark complected man. Mrs. Johnson when referring to the third unknown person of the robbery, states that he was "light, bright, brightest, brown" see page 234 line 17 of the Trial Statement of Facts. Clearly these two witnesses when referring to "Wayne" and the physical description of this person, cannot be talking about the same person. The District Attorney Mr. Dan Rizzo issued a pocket warrant for the arrest of Leonard Kitt, with two differing descriptions being in the possession of I..S. Ott investigatory documents. Mr. Dan Rizzo was acting in an Official and an individual capacity as he conspired with I..S. Ott to arrest illegally Leonard Kitt. Once arrested at the Pre-Trial hearing it was made clear that there was no probable cause, see page 12 of the Pre Trial S.F. lines lines 21-25. At this point it became the duty of the Prosecution to release Leonard Kitt for Probable Cause did not exist.

3.g.

The State of Texas is also responsible for the actions of
Mr. Bill Hawkins while acting in an official and an individual
capacity under color law. Mr. Hawkins is responsible for the
bribe offered to Mr. Vann, and he is responsible for misleading
the Jury, which resulted in Leonard Kitt being denied a fair
trial in violation of the United States Constitution.

Harris County's District Attorney Office is responsible for
the implementation of the illegal practice of the Pocket Warrant
procedures, which allow the District Attorney's office to
circumvent having a Judge to sign the Arrest Warrant's once
an Affidavit of Complaint is sworn to in front of them. The Judge
is supposed to review the Affidavit of Complaint to see if there
is U.S. Constitutional probable cause, for the arrest warrant to
be issued upon. Harris County's procedures of allowing Pocket
Warrants to be issued by the District Attorney office is in fact
an Unconstitutional practice, it violates the fourth Amendment
of the U.S. Constitution, because it allows the District Attorney
office to issue an arrest warrant, without having first have had
a jugde to determine whether or not Probable Cause exists. See
pages 72 of Pre Trial S.F. lines 18-20, and lines 13-16 of page
86 of the Pre Trial S.F., and continuing on thru lines 20-25.
Where it is made clear the practice of Harris County is to issue
pocket warrants.

Houston Police Department is responsible for the actions and
incations of it's Officer L.S. Ott, who while acting in an official
and an individual capacity under color of law did conspire with

3.h.

Mr. Dan Rizzo of the Harris County District Attorney's Office
to violate the U.S. Constitutional Rights of Leonard Kitt. L.S.
Ott also was the investigatory officer of the offense, and was
in possesion of both Demetrus Turner's and Sonya Johnson's
descriptions of the unknown accomplice. Officer L.S. Ott should
have known of the conflicting descriptions of these two witnesses.
Mr. Turner's being that "Wayne" was dark complected, (see Affidavit)
and Mrs. Johnson's being that the tall man with big eyes was
Light, lightest, bright or brown, (see S.F. Trial page 234). With
two conflicting descriptions of the unknown accomplice, it was
impossible for L.S. Ott to truthfully say as found in the Affidavit,
"that Mr. Kitt fits the same general description". When in fact
L.S. Ott had two different descriptions which did not agree. L.S.
Ott being a trained officer obviously he did not overlook this
very important fact, but he allowed Leonard Kitt to be illegally
incarcerated without having any probable cause for the arrest, and
two different descriptions. This officer violated the U.S. Consti-
tutional right of Leonard as guaranteed under the Fourth Amendment
of the United States, and the Houston Police Department is responsible
for the actions of this officer, that he committed while acting in
an official and individual capacity under color of law.

The Governor Rick Perry is responsible in an Official capacity for the State Judges actions/ommissions and continuing education of the Judicial Officers. He also is responsible in an Officdal Capacity for the illegal incarceration of Leonard Wayne Kitt.

District Attorney Mr. Charles Rosenthal Jr. is responsible in an official capacity for the actions of the Assistant District Attorney's under his authority. Mr. Rosenthal is responsible for the actions/inactions of Mr. Dan Rizzo, and Mr. William Hawkins, and the resulting U.S. Constitutional Violations, as well as the use of the Unconstitutional practice of the Use of Pocket Warrants in Harris County. Mr. Rosenthal has knowledge of the Pocket Warrant practice, and has allowed his assistant District Attorney's to have arrested, and convicted citizens, without having a signed or sworn to warrant. Mr. Rosenthal is responsible for Mr. Rizzo's conspiring with L.S. Ott to use an illegal warrant and affidavit that was not signed or sworn to, to arrest Leonard Kitt. Mr. Rosenthal allowed the conspiring, by allowing the use of the Pocket Warrant procedures, which makes it possible for law enforcement and District Attorney's to circumvent the inconvenience of presenting the Affidavit and Warrant to a Magistrate for a probable cause determination.

Chief of Police Clarence O'Neal Bradford is responsible in an official capacity for the actions/inactions of Mr. L.S. Ott a Houston Police Department Homocide Officer. L.S. Ott conspired with Dan Rizzo to form and utilize an illegal warrant and affidavit to arrest Leonard Kitt in violation of the U.S. Constitution. Mr. Bradford is also aware that officers of the H.P.D. use the Pocket Warrant procedures to circumvent probable cause determinations by Judges.

3.j.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**VI.   RELIEF:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

3 million in damages both punitive, and compesentory from the goverment entity's, and all defendant's, as well as criminal charges filed under Title 18 § 201, 241, and 242.

**VII.   BACKGROUND INFORMATION:**

A.   State, in complete form, all names you have ever used or been known by including any and all aliases:

None

B.   List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.

Not known to me.

**VII.   SANCTIONS:**

A.   Have you been sanctioned by any court as a result of any lawsuit you have filed?

___ YES _x_ NO

B.   If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give district and division): ___NA_____
2. Case Number: NA_____
3. Approximate date sanctions were imposed: _NA_____
4. Have the sanctions been lifted or otherwise satisfied? ___ YES ___ NO NA

C.   Has any court ever warned or notified you that sanctions could be imposed?   ___ YES _x_ NO

D.   If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer

NA.

the same questions.)

1. Court that imposed warning (if federal, give the district and division): ___NA_____

2. Case number: ___NA_____

3. Approximate date warnings were imposed: ___NA_____

Executed on: __10-7-02__
          DATE

_Leonard W. Kitt_
(Signature of Plaintiff)


## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $150 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.


Signed this __7__ day of __October__, 20 __02__ .
          (Day)                (Month)              (Year)


_Leonard W. Kitt_
(Signature of Plaintiff)


WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.

LEONARD WAYNE KITT           §   ANDERSON COUNTY
#655955                      §   MICHAEL UNIT
                            §   TDCJ

## AFFIDAVIT OF FACTS

Affiant Leonard Wayne Kitt does hereby state under penalty of perjury, that he is incarcerated in violation of the United States Constitution, Amendments 4,8, and 14. Affiant further states that these violations began on 8-3-92 with the illegal arrest of Affiant, and continued through the Trial Date of 7-21-93, and still continue today. Affiant has good reason to believe, and the Court records show that U.S.C. Title 18 § 201, 241, and 242 have been violated in State Cause 643412, and Affiant now seeks to have these crimes prosecuted.

Affiant was arrested on 9-8-92 with an Illegal Warrant that was never signed. This arrest was carried out by L.S. Ott an Officer with the Houston Police Department. L.S. Ott also wrote an Affidavit of Complaint, on which the Arrest Warrant was supposed to be based. However neither the Affidavit, of the Arrest Warrant was signed or dated. Without a signature on either document, they were in effect not sworn to, and illegal according to the Texas Criminal Code of Procedure art.'s 15.02 (3), and 15.05 (4), which states they must both be signed. An objection was placed in a Pre-Trial Hearing based on the arrest warrant,and affidavit being illegal, the Motion was denied. See attached.

In further violation of Affiant's Constitutional Rights, Affiant was convicted of Capitol Murder with no evidence to show that Affiant committed Capitol Murder. There were three witnesses who testified at trial, (1) Billy Wayne Vann (an accomplice witness, see Tex. Crim. Cd. art. 38.14) (2) Sonya Johnson (who states she never saw Affiant do anything incriminating, see pages 239 of statement of facts 235, and page 442) and 3. Pil Shin (Pre-Trial Testimony pages 63-64). The killer was clearly identified as the man with the black scarf, a man who Billy Wayne Vann identifies as Demetrius Turner (Billy Vann's Brother), see pages 442 of Trial Statement of Facts. Therefore it is Affiants contention that: "No rational Trier of Fact could have found beyond reasonable doubt, all of the essential elements of the offense of Capitol Murder", and for this reason Affiant states that the evidence does not support the juries verdict.

Affiant for these reasons seeks to have federal criminal charges filed against the Officials involved under the Federal Criminal Codes that have been violated. Specifically Affiant believes that  Title 18 § 201, 241, and 242, have been violated in this cause number (643412) out of Harris County, and this Court has jurisdiction to hear the matter, and investigate the case.

1.

## ALLEGATIONS

### L.S. OTT HOUSTON POLICE DEPARTMENT HOMOCIDE DIVISION

L.S. Ott while acting in his official capacity as an officer of the Law, did unlawfully arrest Leonard Wayne Kitt on the date of September 8th, 1992, by acting on an unlawful, unsworn, and illegally obtained Arrest Warrant. L.S. Ott in order to carry out said illegal arrest, conspired with Dan Rizzo of the Harris County District Attorney's Office, in order to obtain and execute the illegal arrest

L.S. Ott wrote an Affidavit of Complaint that the Illegal Arrest Warrant was supposed to be based on. The Affidavit of Complaint does not give a proper description of the person to be arrested. In fact the description in the Affidavit does not even fit Leonard Wayne Kitt, who had facial hair at the time of his arrest. Furthermore the name "Wayne" as given in the Affidavit could belong to anyone of thousands of people in the Harris County area. This Information was not obtained from a credible, and reliable source, but it was obtained from Demetrius Turner an informant with a known track record, who is proven by Court precedents to be unreliable. For references see the attached Affidavit, Warrant, and attached documents.

L.S. Ott implicated two other state officials in his illegal activities. 1. Dan Rizzo of the Harris County District Attorneys Office who Mr. Ott says drew the arrest warrant up, (see pages 86 Lines 13-24 of Pre Trial S.F.) The Warrant that was drew up by Dan Rizzo was based on the Affidavit of L.S. Ott, an Affidavit that clearly fails the Probable Cause Test. See Warrant and Affidavit attached.

2. L.S. Ott, implicates Harris County Judge Bacon in this Illegal Arrest Warrant. By stating that Bacon is the one who signed the Arrest Warrant. (See page 87 Lines 1-5 of the Pre Trial S.F.). If in fact Judge Bacon signed an Arrest Warrant then that signed Arrest Warrant should have been produced. Because if produced, it will clearly implicate Judge Bacon in the Illegal Arrest of Leonard Wayne Kitt, the Warrant would have to be based on L.S. Ott's Affidavit, which does not give Probable Cause. The fact that a signed warrant was never produced, proves that there never was a valid Warrant. Had there been a valid Warrant for the Arrest of Leonard Wayne Kitt, Judge Bacon would have testified at Pre-Trial to it's validity.

### DAN RIZZO ASSISTANT DISTRICT ATTORNEY FOR HARRIS COUNTY

Based on L.S. Ott's testimony at the Pre-Trial of Leonard Wayne Kitt, it is clear that there was a conspiracy between Dan Rizzo, and L.S. Ott two different goverment officials, to deny Leonard Wayne Kitt's Constitutional Rights as guaranteed under the United States Constitution Amendment Four, and under Title 18 § 241, and 242 of the Federal Criminal Code. It is plain that Dan Rizzo acting in his Official Capacity drew up an Arrest Warrant for the Arrest of Leonard Wayne Kitt, that Arrest Warrant was illegal not being based on Probable Cause. Probable Cause for the arrest of Kitt is not shown in L.S. Ott's Affidavit.

2.

## BILL HAWKINS HARRIS COUNTY DISTRICT ATTORNEY"S OFFICE

Bill Hawkins gets involved in these matters, by the offering of a
bribe to Billy Wayne Vann, in order to get Mr. Vann to testify against
Mr. Kitt. The bribe offered was a Letter of Recommendation on the
subject of Parole for Billy Wayne Vann. This letter was to be written
by Bill Hawkins in his Official Capacity as an Assistant District
Attorney for the State of Texas in Harris County. This allegation
is supported by the record found at pages 359-360 of the Trial State-
ment of Facts, where it is stated:

page 359
1.-2 Q. Are you presently under indictment ?

1.-3 A. Yes Sir.

1.-7 Q. And has there been an agreement reached in exchange for your
        testimony in this case against Leonard Wayne Kitt ?

1.-8 A. Yes Sir.

Page 360

1.-1 Q. The agreement involves any type of letter being written ?

1.-5 A. Yes Sir.

1.-6 Q. And who is that letter to be written to ?

1.-7 A. The Texas Department of Corrections.

1.-8 Q. Is that the Parole Board ?

1.-9 A. Yes Sir.

So it is clear that Billy Wayne Vann testified against Mr. Leonard Wayne
Kitt, so that Mr. Bill Hawkins (Assistant D.A.) would write a letter to
the Parole Board for him. This offer from Bill Hawkins was in fact an
illegal bribe, that was performed while Mr. Hawkins was acting in his
Official Capacity. This is a violation of Leonard Wayne Kitt's Constitutional
Rights to be free from Cruel and Unusual Punishment, and a violation
of the Federal Criminal Code Title 18 § 201.

## MICHAEL T. McSPADDEN STATE DISTRICT JUDGE HARRIS COUNTY 209th DISTRICT COURT

Judge McSpadden is involved because of his knowledge of these crimes being
committed by his fellow goverment employees. Judge McSpadden became aware
of the Fourth Amendment U.S. Constitutional violation at Pre-Trial. Where
he learned:

1. That both the Arrest Warrant, and the Affidavit were unsworn, being
   unsigned; see Pre-Trial Statement of Facts lines 5-11;

2. Judge McSpadden also learned that the Assistant District Attorney
   Mr. Dan Rizzo is the one who prepared the Pocket Warrant (see page
   86 of the Pre-Trial Statement of Facts lines 5-25), which was based
   on the Affidavit of L.S. Ott, (an affidavit that failed to give
   Probable Cause for the Arrest of Leonard Wayne Kitt, and also failed
   to give a particular description). This proves that Judge McSpadden
   was aware of the conspiracy of L.S. Ott, and Mr. Dan Rizzo to deny
   the Civil Rights of Leonard Wayne Kitt, and should have prompted the
   Judge to do a more thorough investigation into the matter of the
   Pocket Warrant, and Affidavit not being sworn to. The Judge knew
   the Code of Criminal Procedure art. 15.02 (3), 15.05 (4), and was
   aware of the fact that both documents were required to be signed. Yet
   Judge McSpadden allowed these illegal documents to be admitted into
   evidence, without so much as calling Judge Bacon to find out if Bacon
   had in fact signed an Arrest Warrant. Furthermore judge McSpadden
   violated Leonard Wayne Kitt's U.S. Constitutional Rights, when he failed
   to intervene and uphold the laws of this land, namely the Fourth
   Amendment of the United States Constitution, and the United States
   Supreme Court's holding in Stone v. Powell 428 U.S. 465, where it is
   held that a "Full and Fair" opportunity must be given to have heard
   a Fourth Amendment violation. Judge McSpadden was aware a Fourth
   Amendment violation was alleged, (see Motion to Suppress, attached).

3. Judge McSpadden became aware of the Bribe offered to Billy Wayne Vann
   during the trial testimony. Where he heard Mr. Vann testify about the
   letter that was to be written by the District Attorney's Office to the
   Parole Board. Judge McSpadden at the time of this testimony became
   aware of a Bribe being offered, and yet in spite of that knowledge he
   failed to intervene to uphold the law of the land. This intentional
   failure can only be interpreted, as the judge allowing the District
   Attorney's Office to win a conviction, no matter what laws were violated.
   See U.S.C.C. Title 18 § 201, and Tex. Pen. Code 37.10. See statement of
   facts Trial pages 359-60.

4. Judge McSpadden learned of the Fourth Amendment violation at the Pre-
   Trial hearing. The Court held in Stone v. Powell supra; that an
   opportunity must be given for the Fourth Amendment claim to be heard
   on Appeal also. Leonard Wayne Kitt lost his Fourth Amendment claim in
   State Court due to Ineffective Assistance of Counsel, Appellate Counsel
   failed to raise the 4th Amendment violation on Appeal. When Leonard
   Kitt tried to bring the 4th Amendment violation up through a Habeas
   Corpus proceeding, Judge McSpadden denied the Application, with a
   suggestion to the Court of Criminal Appeals to cite Kitt for Writ
   Abuse, Judge McSpadden once again denied Leonard Kitt's Fourth Amend-
   ment claim. This is a direct violation of Leonard Kitt's U.S. Consti-
   tutional Rights, and a violation of U.S. Supreme Court precedents.

.4.

## STATEMENT OF THE CASE

This is a Capitol Murder case, in which the evidence does not support the Jury's verdict of guilt. This case has been through the State Courts first on Direct Appeal, and then on Habeas Corpus. A 2254 was filed in the U.S. Southern District Court of Texas, Houston Division, and appeal was sought from their order. The Fifth Circuit Court of Appeals denied the Petitioner a Certificate of Appealability on 2-27-02.

Leonard Wayne Kitt Affiant in this Affidavit, believes that the Affidavit of Complaint and the Arrest Warrant in this case are both un-constitutional. They are not signed, and therefore not sworn to. The Affidavit fails to particularly describe Leonard Wayne Kitt, and it does not show Probable Cause. The Arrest Warrant was based on an Insufficient and Illegal Affidavit, because the Affidavit failed to particularly describe Leonard Wayne Kitt, and failed to show Probable Cause, not being based on a Credible and Reliable persons statement. Demetrius Turner is an Accomplice Witness, with a known Track Record, and therefore he is unreliable. Applicant believes this case should be reviewed in the interests of justice, because there has been a fundamental miscarriage of Justice.

The Prosecution did not prove the elements of Capitol Murder beyond a reasonable doubt with regards to Leonard Kitt. There was no corroborating evidence of Mr. Vann's testimony as the Prosecution stated it would show in it's opening statement, see next paragraph Opening Statement.

The State District Court did not apply the Reasonable Doubt standard as found in Jackson v. Virginia 443 U.S. 307, 99 S. Ct. 2781, when it denied Counsel's Motion for Instructed Verdict.

For all of these reasons Complainant Leonard Kitt believes that U.S. Title 18 § 201, 241, and 242, as well as U.S. Constitutional Amendments 4, 6, 8, and 14 have been violated. in this case, and that Leonard Kitt is incarcerated in violation of the United States Constitution.

## OPENING STATEMENT OF MR. BILL HAWKINS ASST. D.A. HARRIS COUNTY TEXAS

Mr. Hawkins; The State of Texas vs. Leonard Wayne Kitt. In the name and by the authority of the State of Texas, the duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County Texas that in Harris County Texas, Leonard Wayne Kitt, hereafter styled the defendant, heretofore on or about August 3, 1992, did then and there unlawfully while in the course of committing and attempting to commit the robbery of In Su Vi, hereafter styled the Complainant, intentionally cause the death of the Complainant, by shooting the Complainant with a deadly weapon, namely a firearm. Against the peace and dignity of the State, signed by the foreman of the grand jury.

The Court; To which the defendant pleads?

Defendant; Not guilty.

5.

The Court; Mr. Hawkins, you may proceed.

Mr. Hawkins; May I make a brief opening statement, Your Honor?

The Court; You may.

Mr. Hawkins; Good Morning.

Jury; Good Morning.

Mr. Hawkins; Up until this point, we have not been allowed to discuss the facts with you at all. At this point I would like very briefly to outline for you what I expect the evidence will show.

You are going to hear that on the morning of August 3rd of 1992, that In Su Yi went to work, just like he has always done, to open a family owned market out on West Montgomery, an area out close to Acres Homes in North Houston.

You will hear that approximately mid-morning three men showed up at that store. Mr. Yi was in the store, and Mr. Shin, an employee of his, was in the store as well.

The three men went to a bus stop. They entered the store. A very violent robbery took place inside the store. Money was taken. Mr. Yi's car keys were taken. The three men left the store, were in the process of taking Mr. Yi's car when he exited the store and began to shoot at the three men. A gun battle ensued. Mr. Yi lost his life as a result of the gun battle.

Two of the robbers were wounded. They escaped in Mr. Yi's car, and left, went a short distance away to another vehicle, and then left the area.

You will hear from a number of witnesses in bits and pieces as to what they can recollect they saw during this crime.

You will hear from Billy Wayne Vann, A Man with a LENGTHY CRIMINAL HISTORY, one of the robbers that participated in this awful crime. MR. Vann will tell you that this crime was planned approximately a month before, that this particular store was selected for a reason by the defendant; that on the morning of August 3rd they met at Mr. Vann's mother's house and he, his brother, Demetrius Turner and the defendant drove over near the apartments, the Garden City Apartments, where they then walked over to the bus stop and the store. Mr. Vann will tell you how the robbery took place and what happened after the robbery.

A lady named Sonya Johnson that was at the bus stop will tell you that she saw much of what occured. She will identify the defendant as one of the three robbers, and they were all distinctive to her.

6.

A man named In Su Yi--pardon me--Mr. Shin, a Korean store clerk will!
identify the defendant in a more tentative manner. He is Korean. All
Americans look alike. Black people are even more difficult for him to
identify.

Based upon that evidence, corroborating Mr. Vann's testimony, I'm going
to ask you to find the defendant guilty of CAPITOL MURDER.

## ELEMENTS OF CAPITOL MURDER

INDICTMENT READS: while in the course of committing and attempting to
the robbery of IN SU YI, hereafter styled the Complainant, intentionally
cause the death of the Complainant, by shooting the Complainant with a
deadly weapon, namely a firearm.

A person commits the offense of capitol murder if he intentionally commits
murder, as hereinbefore defined, and the person intentionally commits the
murder in the course of committing or attempting to commit the offense of
robbery. (JURY CHARGE, AND TEX. PEN. CODE 19.03).

## JURY CHARGE CONTINUED

A person commits the offense of robbery if, in the course of committing
theft, and with intent to obtain or maintain control of property of another
he;
  (1) intentionally or knowingly causes bodily injury to another; or
  (2) intentionally or knowingly threatens or places another in fear of
      imminent bodily injury or death.

A person commits the offense aggravated robbery if he commits robbery,
as hereinbefore defined, and he;
  (1) causes serious bodily injury to another; or
  (2) uses or exhibits a deadly weapon.

"In the course of committing theft" means conduct that occurs in an
attempt to commit, during the commission, or in the immediate flight
after the attempt or commission of theft.

Theft is the unlawful appropriation of property with intent to deprive
the owner of property.

Deadly weapon means a firearm or anything manifestly designed, made, or
adapted for the purpose of inflicting death or serious bodily injury; or
anything that in the manner of it's use to intended use is capable of
causing death or serious bodily injury.

Bodily injury means physical pain, illness, or any impairment of
physical condition.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

Before you would be warranted in convicting the defendant, Leonard Wayne Kitt, of Capitol Murder, you must find from the evidence BEYOND A REASONABLE DOUBT not only that on the occasion in question the defendant was engaged in the commission or attempted commission of the felony offense of Robbery of In Su Yi, as defined in this charge, but also that during the commission or attempted commission of the robbery thereof, if any, either the Defendant intentionally caused the death of In Su Yi, or the defendant, Leonard Wayne Kitt, with intent to promote or assist the commission of the offense of Capitol Murder...

## WHAT THE EVIDENCE PROVES

## TRIAL WITNESS SONYA JOHNSON'S TESTIMONY

PAGE 208 trial transcript (cont. 209)

Q. Now the one trying to get in the car, which of the three men was he?

A. The one with the Black Scarf.

Q. Did anything happen while he was trying to get in the car?

A. Yes.

Q. What happened then?

A. He shot the chinese man.

## TRIAL ACCOMPLICE WITNESS BILLY WAYNE VANN PAGE 442 Lines 1-10 Trial Transcript

Q. Did Demetrius Have a scarf?

A. Yes, Sir.

Q. Do you recall what color it was?

A. Black.

This is corroboration of the Accomplice Witness Testimony, and it proves that Leonard Wayne Kitt is not guilty of Capitol Murder. According to the Trial Testimony it is Demetrius Turner who killed Mr. In Su Yi.

## TRIAL ACCOMPLICE WITNESS BILLY WAYNE VANN TRIAL S. F. PAGE 368

1-10 Q. Demetrius Turner, how are you related to him?

1-11 A. He's my brother.

For Billy Wayne Vann to admit that Demetrius Turner is his brother, proves his motive for lying on Leonard Wayne Kitt, so he could save his brother from the Death Penalty, for being the trigger man in a Capitol Murder case.

Now the Opening Statement of the State's Prosecutor Bill Hawkins, stated: "A lady named Sonya Johnson that was at the bus stop will tell you that she saw much of what occured. She will identify <u>THE DEFENDANT AS ONE OF THE ROBBERS</u>, and they were all distinctive to her".

### <u>SONYA JOHNSON"S TESTIMONY AS TO LEONARD WAYNE KITT PAGE 235 Trial S.F. lines 19-25</u>

Q. As for as your own personal knowledge of anything that might have gone on inside of the H & L Market, you know nothing, is that not correct?

A. That's right sir.

Q. You did not see the tallest man with a gun, did you?

A. No Sir, I did not.

This means no deadly weapon was exhibited by Kitt, and the Deadly Weapon fails the Corroboration Test of Tex. Crim. Code 38.14.

**SONYA JOHNSON CONT. PAGE 236**

Q. YOU DID NOT SEE THE TALLEST MAN WITH ANY TYPE WEAPON DID YOU?

A. NO SIR, I DID NOT.

Q. YOU DID NOT SEE THE TALLEST MAN TAKE ANYONES MONEY, DID YOU?

A. no sir, I did not. (This means Kitt exercised no control over H & L's money)

Q. YOU DID NOT SEE THE TALLEST MAN SHOOTING AT ANYONE DID YOU?

A. NO, SIR.

Q. IN SHORT YOU DID NOT SEE THE TALLEST MAN ROB ANYONE DID YOU?

A. No SIR.

This testimony does not corroborate the accomplice witness' testimony, as the Prosecutor Bill Hawkins stated Mrs. Sonya Johnson's testimony would do in his opening Statement; "Based upon that evidence corroborating Mr. Vann's testimony, I'm going to ask you to find the defendant (Leonard Wayne Kitt) guilty of Capitol Murder". Clearly the two testimonies combined, Mr. Vann, and Mrs. Johnson, do not corroborate one another, except on the identity of the Killer, the man with the Black Scarf, Demetrius Turner.

9.

**SONYA JOHNSON'S TESTIMONY CONT. S.F. TRIAL, PAGE 239**

Q. Now as the-in reference to the tall man, you never saw the tall man, you never saw the tall man get into the owners vehicle did you?

A. No sir.

Q. And you never saw the tall man running towards the owners vehicle did you?

A. No sir.

Q. You--where did you see the tall man as he came out of the store? Where was he headed?

A. Towards the Apartments.

  This portion of Sonya Johnson's testimony proves that Leonard Wayne Kitt did not attempt to, obtain or maintain control of Mr. Yi's Car, or Car Keys.

**SONYA JOHNSON'S TESTIMONY CONT. S.F. TRIAL, PAGE 208**

Q. Did you see more than two people that were involved in the situation, the two black men? Did you see more than two black men around the car?

A. No just two of them.

Q. One inside the car?

A. Yes.

Q. And one trying to get in the car?

A. Yes Sir.

  There was only two men around the car, they were Billy Wayne Vann, and Demetrius Turner. This does not tend to connect Leonard Wayne Kitt with the offense.

**SONYA JOHNSON'S TESTIMONY CONT. S.F. TRIAL, PAGE 240 L.-12-21**

Q. And the tall man that you saw heading in the direction of the Garden City Apartments, after he came out of the store, you never saw him get together with the short man, did you?

A. No sir.

Q. And the tall man, after you saw him coming out of the store, you never saw him get together with the man with the scarf who you say was doing the shooting, either did you?

A. No sir.

So there is no evidence from Sonya Johnson to support any of the
elements of a Capitol Murder charge, with regards to Leonard Wayne
Kitt. Sonya Johnson has not placed Kitt obtaining or maintaining
control of any property of Mr. In Su Yi's, and Sonya Johnson has not
placed Leonard Wayne Kitt as having a weapon, or intentionally killing
Mr. In Su Yi. So the Prosecutions burder of proof on the elements of
Capitol Murder, was not met through Sonya Johnson's testimony.

After discounting the Accomplice Witness Testimony of Billy Wayne Vann,
the record clearly reveals that the Non-Accomplice Testimony of Prosecution
Witness Sonya Johnson, do not indicate possession of, or control over In Su
Yi's property (by the tall man), namely his car, car keys, ... or money
that was unlawfully taken from him.

## IDENTITY OF KITT BEING THE TALL MAN WITH BIG EYES

Q. Now, as far as the Courtroom today is concerned, do you see the person
   in the courtroom today that the day of the robbery, August 3rd 1992, was
   the man--the tall man with the big eyes? Do you see that person in the
   Courtroom?

A. Yes Sir.

Q. Could you tell the jury, please where that person is seated, what they are
   wearing, and point him out for me?

A. The guy sitting there with the gray suit on to my left-to my right--I'm
   sorry to my right.

Q. And what's his tie like?

A. Excuse me?

Q. What's his tie like? Describe the tie a little bit.

A. A little burgundy, a light blue gray.

Q. And his race?

A. Black.

Mr. Hawkins; Your Honor may the record reflect the witness has identified
the defendant. (pages 222 lines 16-25, page 223 lines 1-10 Statement of Facts,
Mrs. Sonya Johnson's testimony).

## SONYA JOHNSONS TESTIMONY CONT. PAGE 233 lines 2-6 S. F. Trial

Q. The tall man did not have any facial hair, correct?

A. Correct.

11.

Q. The tall man did not have a mustache, correct?

A. Correct.

**page 246 line 8-25, page 247 line 1-3, SONYA JOHNSON S.F. Trial**

Q. Now I want to direct your attention to the gentleman in the courtroom here, seated two spots over to my left, and I would like you to take a look at his face. Now you would agree would you not, that concerning his face, one of the features that dominates that face is the facial hair in the form of a mustache that runs along the top of his lips and curves down the side of his jaw, or down the sides of his mouth? Would you agree with that?

A. Yes sir.

Q. All right. And would you agree that as you look at this man in the Courtroom, you cannot help but see that mustache? Would you agree with that?

A. Yes sir.

Q. And that if someone were describing a person in the courtroom and said that the man I'm talking about doesn't have any facial hair, you would agree, would you not, that they couldn't be talking about the man seated two positions to my left? You would agree with that wouldn't you?

A. Yes sir.

Now Sonya Johnson identified a man from the robbery, as having no facial hair. This is the person she described as being the tall man with big eyes, and having no facial hair.

**CLOSING ARGUMENT PAGE 743 lines 10-16**

Based on the evidence that you've heard in this case, you will find that Ms. Johnson who said the tall man was bright, 24 to 26 years old, when we know that Kitt is 38, no facial hair, when we know he's had a mustache for 15 years, that her testimony will cause you to hesitate...

This portion of the Closing Argument quoted above, proves the discrepancies between the identity given by description to the officers, and the description of the man (Leonard Wayne Kitt) who was convicted. This also proves by way of Sonya Johnson's testimony, that the State has failed to sustain it's burden of proof on the "Essential Elements" of the Offense of Capitol Murder beyond a Reasonable Doubt.

12.

**CLOSING ARGUMENT PAGE 724 lines 17-24**

Suffice to say by his own admission in testimony, Mr. Kitt is not a bright black man. That was the description given at the scene, a bright black man. No facial hair. No mention of that distinctive mustache, or the broad nose. Think about all those discrepancies. It wasn't him. It just wasn't him.

The fact that the description given at the crime scene, did not fit Leonard Wayne Kitt, shows that the State has once again failed to sustain it's burden of proof on the "Essential Elements" of the offense of Capitol Murder.

**CLOSING ARGUMENT PAGE 734 lines 17-25, 735 lines 1-9**

On the State's opening statement, there was a statement that Sonya Johnson will identify the defendant as one of the three robbers. She didn't do that, did she? As a matter of fact, her testimony was, that she did not see Leonard Kitt rob anyone out there at the H & L Food Market. If you will recall her testimony, when I said to her, You didn't see Leonard Kitt rob anybody, did you? No, Sir. You didn't see Leonard Kitt with a gun did you? No, sir. You didn't see Leonard Kitt jump in Mr. Yi's car did you? Well, what did you see Leonard Kitt--what did you see the tall man do? She saw the tall man run away. Thats it. He ran in the direction of some Apartments.

**CLOSING ARGUMENT PAGE 736 lines 5-25 page 737 lines 1-4**

Mr. Hinton; From the evidence that you've heard in this case, it would be up to you to point out the law in this case, when it talks about corroboration, it says that mere presence of the defendant with an Accomplice shortly before or shortly after the commission of a crime is not sufficient corroboration. And the corroboration is not sufficient if it merely shows the commission of the offense, BUT IT MUST TEND TO CONNECT THE DEFENDANT WITH IT"S COMMISSION. So even if there is one person who tends to believe that perhaps Ms. Johnson did make an acceptable identification of Leonard Kitt, it's up to the rest of ya'll to point out to that person what the law is, and to remind them that Sonya Johnson said that the tall man, who she thinks is Leonard Kitt, although we dispute it, had nothing to do with the robbery. He didn't--she did not see him rob anyone. SO CORROBORATION BY SONYA JOHNSON IS NOT THERE BECAUSE SHE SAID HE DIDN"T ROB ANYONE. Then she didn't connect the defendant with the commission of. the offense. There's no corroboration by Sonya Johnson.

The State has once again failed to sustain it's burden of proof on the "Essential Elements" of the offense of Capitol Murder. Because the testimony of Sonya Johnson in no way tends to connect the defendant with the offense.

**OPENING STATEMENT OF PROSECUTION PAGE 6 lines 2-14**

You will hear that approximately mid morning three men showed up at that store. MR. Yi was in the store, and Mr. Shin, an employee of his was in the store as well.

The three men went to a bus stop. They entered the store. A very violent robbery took place inside the store. Money was taken. Mr. Yi's car keys were taken. The three men left the store, were in the process of taking Mr. Yi's car when he exited the store and began to shoot at the three men.

## OPENING STATEMENT PAGE 7 lines 11-15

A lady named Sonya Johnson that was at the bus stop will tell you that she saw much of what occured. SHE WILL IDENTIFY THE DEFENDANT AS ONE OF THE THREE ROBBERS, and they were all distinctive to her.

note; Sonya Johnson never connected the defendant Leonard Kitt with the offense.

## SONYA JOHNSON TESTIMONY S.F. TRIAL PAGE 208 lines 17-20

Q. Did you see more than two people that were involved in the situation, the two black men? Did you see more than two black men around the car?

A. No just two of them.

note: Sonya Johnson does not connect the defendant in any way to the offense committed. The Prosecutions Opening Statement page 7 stated "She will identify the defendant as one of the three robbers". Ms. Johnson did not do that.

Note; Therefore based on Sonya Johnson's testimony, the State has failed to sustain it's burden of proof on the "Essential Elements" of the Offense of Capitol Murder.

## TRIAL WITNESS PIL SELM SHIN PRE-TRIAL TESTIMONY PAGE 57 lines 2-8

Q. And see if you see one of the men in the courtroom today that you saw during the robbery?

A. I'm not sure. This happened a long time ago, however--

Q. However what?

A. That man looks similar, but I am not sure because all Americans look alike.

Note; This testimony was during Pre-Trial, and was spoken of by the Prosecution in the Opening Statement (page 7 lines 16-21) "A man named In Su Yi--pardon me --Mr. Shin, a Korean store clerk will identify the defendant in a more tentative manner". The testimony of Mr. Shin, cannot be considered an identification, he clearly states on page 70 lines 19-20 of the Pre-Trial testimony;

Q. You can't say thats the right man?

A. Thats right.

14.

So we see that Mr. Shin stated very clearly that he can't say thats the right man. Furthermore Mr. Shin did not even want to testify as is shown by his testimony in;

**TRIAL STATEMENT OF FACTS MR. SHIN PAGES 149 lines 2-25, page 150 lines 1-9**

Q. And you are currently in the Harris County Jail because you didn't want to cooperate with the legal process.

A. That is my understanding.

Q. And you were placed in the jail by virtue of a Court Order?

A. That I don't know.

Q. You didn't want to testify initially, did you?

A. Yes. (sic)

Q. As far as the robbers that you saw out there on August 3, 1992, do you see anyone here in the courtroom today that looks similar to one of those robbers, and if you would take your time and look around the courtroom? Do you recognize anyone here as being one of the robbers that day?

A. It was such a long time since the incident, and I was in shock at the time, and people look all alike. I cannot say for sure, but there must be some that look very like the one. (sic)

Q. I'm sorry. I couldn't understand the last phrase.

   INTERPRETER: There is one like them.

Q. There is one like them? And where is that person seated?

A. The one in the suit looks like him, but I'm not for sure. I would not be able to say for certainty.

Q. Could you describe, please, where that person is sitting and describe their clothing.

A. He is dressed in suit. (sic)

Q. Describe something else and point to him?

A. The tie with the stripe.

Q. And what's the person's race?

A. Black person.

15.

As for Corroboration on the Federal level see Aguilar v. Texas 378 U.S. 108, Spinelli v. United States 393 U.S. 410, and Illinois v. Gates 462 U.S. 213.

There is no evidence to support the Juries finding of guilt in this case.

In the absence of, and on the outside of the testimony of the accomplice witness Billy Wayne Vann, there's no evidence to prove beyond a reasonable doubt that, defendant (leonard Kitt) robbed or murdered, the Complainant as charged in the indictment.

By a preponderance of the evidence, but for a violation of the United States Constitution Fourteenth Amendment was violated where in the absence of, and on the outside of the testimony of the accomplice witness, there was no evidence to establish beyond a reasonable doubt all of the ESSENTIAL ELEMENTS of the offense of Capitol Murder as charged in the indictment.

Therefore the State has failed to sustain it's burden of proof on the "Essential Elements" of the offense of Capitol Murder.

Applicant Leonard Wayne Kitt is incarcarated in violation of the United States Constitution, because "No rational trier of fact could have found all the "Essential Elements" of the crime beyond a Reasonable Doubt, from the evidence submitted.

## INEFFECTIVE ASSISTANCE OF COUNSEL, AT TRIAL, AND ON APPEAL.

The trial counsel failed to preserve error at trial that Leonard Wayne Kitt was arrested without a valid complaint/Affidavit. This violated both the 4th and the 6th Amendment of the Bill of Rights as contained in the United States Constitution. The use of an informants information in forming an Affidavit of Complaint, when the Informant has a track record, is considered unreliable under Aguilar v. Texas 378 U.S. 108. The two prong test outlined in Aguilar supra; was never used by the State District Court, when an objection was made in Pre-Trial on the Affidavit, and the Warrant for Arrest. See Affidavit attached. This Affidavit, Warrant, and the Objection made by trial counsel at Pre-Trial all show that Leonard Kitt's Constitutional rights were violated by;
a. The Affidavit failed to particularly describe Leonard Kitt, the only description given did not fit Leonard Kitt. The name "Wayne" is not enough for an officer to be able to go to Leonard Kitt's arrest record. Furthermore Kitt at the time, had a very distinguished mustache, meaning that he had facial hair. The name "Wayne" could have belonged to thousands of people who had no facial hair. But Leonard Kitt had facial hair (for 15 years, see closing argument page 743 1-15), and therefore could not have been the "Wayne" described in the Affidavit.
b. Neither the Affidavit, or the Arrest Warrant are signed. This means they are not sworn to, and therefore the Affidavit, and the Warrant are invalid.

page 17,

"A complaint that has not been sworn to by a Complainant is of no effect and will not support a prosecution based on an information; See Colbert v. State 166 Tex. Crim. 431, 314 S.W. 2d 602. Trial Counsel's failure to object to these errors was a rendering of Ineffective Assistance of Counsel at the time of trial.

   c. Trial Counsels failure to object to the Affidavit not showing Probable Cause was a rendering of Ineffective Assistance of Counsel.

   d. Trial Counsels failure to object to the Affidavit not particularly describing the defendant, was a rendering of Ineffective Assistance of Counsel.

   e. Counsel filed a Motion to Suppress Evidence in a Pre-Trial Hearing based on a U.S. Constitutional 4th Amendment violation. Trial Counsel then abandoned the 4th Amendment violation, both a Trial, and on Direct Appeal. Leonard Kitt Affiant herein tends to the Court that when Trial Counsel abandoned the 4th Amendment violation, that was and is INEFFECTIVE ASSISTANCE OF COUNSEL, in violation of the 6th Amendment of the United States Constitution. If a defendants Fourth Amendment claim is lost in state courts because counsel was ineffective in presenting it, then the ineffective assistance of counsel is a seperate constitutional violation. Unlike a violation of the Fourth Amendment, a violation of the standards of effective assistance of counsel is cognizable in Habeas Proceedings, see Kimmelman v. Morrison 477 U.S. 365. Yet the State has cited Kitt for Writ abuse each time he attempts to bring the 4th Amendment claim through habeas.

   f. Trial Counsel failed to preserve error on the validity of the warrant-less arrest. The Warrant was not valid first because the Affidavit of L.S. Ott did not show Probable Cause, and secondly because a particular description was not given, and lastly because it was not signed. The only description given in the Affidavit is the name "Wayne". It is this description that L.S. Ott claims to have used to enable him to go to the arrest record of Leonard Wayne Kitt. This is not possible to do.

   g. Leonard Kitt recieved Ineffective Assistance of Counsel when Trial Counsel failed to argue the Proffesional Rule of conduct rule 1.06 article 1, section nine, and Canon 2 (a) and Canon 3 B. 2 "A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary".

   h. Trial Counsel failed to argue, and preserve error with regards to the lack of corroboration of the accomplice witness testimony, and the State's failure to produce sufficient evidence. Billy Vann an Accomplice Witness testified at trial, his testimony was never corroborated, and therefore cannot be considered. Texas Criminal Code of Procedure art. 38.14 "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed". Neither Sonya Johnson, nor Pil Shin corroborated Billy Vann's testimony. And though there were other witnesses at trial (a total of 12, ten of whom could not identify Kitt at all, and then Sonya Johnson and Pil Shin, who did not connect Kitt to the Offense). See pages 731-32 of Closing Argument.

   i. Trial Counsel was ineffective when he failed to preserve error on the Reasonable Doubt standard, that no rational trier of fact (juror) could have found from the evidence every element of the offense beyond a REASONABLE DOUBT.

j. Leonard Wayne Kitt recieved Ineffective Assistance of Counsel on Direct Appeal when Appellate Counsel failed to argue that Kitt was illegally arrested without a valid Complaint. See Kimmelman v. Morrison supra;

k. Kitt recieved Ineffective Assistance of Counsel when Appellate Counsel failed to argue that Kitt was arrested without a valid Arrest Warrant. Kitt's trial counsel and appellate counsel are one and the same. Appellate counsel was aware of the Motion to Suppress filed at Pre-trial based on the Fourth Amendment violation, to abandon that error was Ineffective Assistance of Counsel, and violated the Supreme Court's holding in Stone v. Powell 428 U.S. 465.

l. Leonard Wayne Kitt recieved Ineffective Assistance of Counsel on direct appeal, when appellate counsel failed to argue that the evidence was insufficient to prove beyond a reasonable doubt that Kitt committed murder in the course of a robbery, as charged in the indictment.

m. Kitt recieved Ineffective Assistance of Counsel when Appellate Counsel failed to argue on Appeal that there was no evidence to support the jury's verdict of guilt, as raised in the Motion for Instructed Verdict on page 537 of the Statement of Facts, where trial counsel states "In the absence of Mr. Vann's testimony, there's absolutely no evidence that tends to connect Mr. Kitt to any criminal activity in this case." This also violated the U.S. Supreme Court's holdings in Jackson v. Virginia supra; on reasonable doubt. Ineffective Assistance of Counsel is a violation of Leonard Wayne Kitts Constitutional rights as found by the U.S. Supreme Court in Cuyler v. Sullivan 446 U.S. 335, and Strickland v. Washington 466 U.S. 668. The representation has fallen below an objective standard of reasonable-ness and counsel's representation prejudiced Kitt by (1) loosing the 4th Amendment claim in state court, (2) the failing of following through on the no evidence claim raised in the Instructed verdict, and (3) when Appellate Counsel failed to argue that according to art. 38.14 of Tex. Crim. Code of Proc. the evidence was legally insufficient.

n. Appellate Counsel was Ineffective when he failed to argue that the trial court erred when it denied the Trial Counsel's Motion for Instructed Verdict.

All of the above facts are stated to prove that Leonard Wayne Kitt's Constitutional Rights have been violated, and that these violations taken together are separately prove that there was and is a Conspiracy of the Trial Officials to deny the Constitutional Rights of Leonard Kitt. The fact that the Trial Counsel, which was appointed by the Court, was also appointed to Represent Leonard Kitt on Appeal, proves the conspiracy, The fact that both at trial, and appeal these attorney's were grossly ineffective, shows the reasons why the Court was so enthusiastic about seeing these attorneys represent Kitt. The Court Judge McSpadden knew they would not help Kitt beat his case.

"it is everywhere agreed that the prosecution has the burden of proving each of the various elements of the offense in both burden of proof senses

19.

"Where there is no evidence whatsoever in support of key element of
offense, error is fundamental, and thus specific ground does not have
to be raised, and court must review matter as unassigned error." See
Cruz v. State 629 S.W. 2d 852.

   The error of no evidence was raised and the court refused to grant
the writ, in fact Judge Michael McSpadden recommended to the Court of
Criminal Appeals that the Writ be dismissed as Writ abuse. But see
Writ B in Cause No. 643412 in the 209th District Court of Harris County,
pages 103 "The prosecution of the instant case simply adduced no evidence
to establish beyond a reasonable doubt all of the essential elements of
the felony offense of Capitol Murder as charged in the indictment". Also
page 107, 110 (3), (5), 111 (6) (7) (8) (9), 112 (10) (11) (12) (13),
113 (14) (15) , 114 (18) and page 92 "By a preponderance of the evidence
but for a violation of the United States Constitution, Applicants due
process right...under the fourteenth amendment to the United States
Constitution were violated where, in the abscence and on the outside of
the testimony of the accomplice witness, THERE WAS NO EVIDENCE TO ESTABLISH
BEYOND A REASONABLE DOUBT ALL OF THE ESSENTIAL ELEMENTS OF THE FELONY
OFFENSE OF CAPITOL MURDER AS CHARGED IN THE INDICTMENT". Also see Jackson
v. Virginia 443 U.S. 307.

   The error of no evidence was clearly raised in Writ b, and the District
Court refused to hear the Writ.

AS A MATTER OF LAW

   In order to sustain the conviction for Capitol Murder in this instant
case, it was incumbent upon the State pursuant to the provisions of the
Texas Penal Code Ann. 19.03 (A) (2) to prove beyond a reasonable doubt
that:

1. The defendant

2. Intentionally

3. Caused the death of In Su Yi;

4. While in the course of committing and attempting to committ the robbery
   of In Su Yi.

   The State was required to prove beyond a reasonable doubt, that the defendant
"Intentionally" killed the decendent, In Su Yi, and that prior to, or during
the murder, defendant had the requisite intent to obtain, or maintain control
of the decendent's In Su Yi's property, (see Cordova v. Lynaugh 838 F.2d
764 5th Circuit, and Cruz v. State 629 S.W. 2d 852).

   The State has failed to sustain it's burden of proof on the essential
elements of the Offense of Capitol Murder, and this is clearly shown in
the records.

21.

With the above principles and supporting case law in mind, Leonard Kitt contends that, "No evidence was adduced by the prosecution to sustain it's burden of proof on the "Essential Elements of the offense as charged in the indictment.

The Accomplice witness testimony of Billy Wayne Vann was insufficiently corroborated so as not to satisfy the requirements of the Accomplice witness statute (Tx. Crim. Code of Proc. art. 38.14), that the evidence must tend to connect the defendant with the offense committed, and it does show the following;

1. Outside of the testimony of the Accomplice witness Billy Wayne Vann, the Non-Accomplice Witness Testimony of Prosecution's witness Sonya Johnson and Pil Shin do not indicate possession of or control over In Su Yi's property by Leonard Wayne Kitt, namely his car keys, money or car, that was unlawfully taken from him. Therefore no evidence was introduced by the Prosecution to sustain it's burden of proof on the essential elements of Capitol murder as charged in the indictment.

2. After discounting the Accomplice witness testimony of Billy Wayne Vann, trial record statements of facts clearly reflects "No non-accomplice evidence of an incriminating character that tends to connect the defendant Leonard Kitt with the offense, That he was involved in or connected with the shooting and intentional killing of the store owner In Su Yi. Therefore no evidence was introduced by the Prosecution to sustain it's burden of proof on the essential elements of Capitol Murder as charged in the indictment.

3. Outside of the testimony of the Accomplice witness Billy Wayne Vann, there is no Non-Accomplice evidence of an incriminating character that tends to connect the defendant Leonard Kitt with the offense that he acted as a party to the commission of theft, therefore NO EVIDENCE WAS INTRODUCED BY THE PROSECUTION TO SUSTAIN IT"S BURDEN OF PROOF ON THE ESSENTIAL ELEMENTS OF CAPITOL MURDER AS CHARGED IN THE INDICTMENT.

4. Outside of the Accomplice witness testimony Billy Vann, there is no Non-Accomplice evidence of an incriminating character that tends to connect Leonard Kitt with the offense that he acted as a party to the shooting and intentional killing of the store owner, therefore, <u>NO EVIDENCE WAS INTRODUCED BY THE PROSECUTION TO SUSTAIN IT"S BURDEN OF PROOF ON THE ESSENTIAL ELEMENTS OF CAPITOL MURDER AS CHARGED IN THE INDICTMENT.</u>

5. In the absence of, and on the outside of the testimony of the Accomplice witness Billy Vann's testimony, there is no Non-Accomplice evidence of an incriminating character that tends to connect or prove that Leonard Kitt used or exhibited anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or anything that in the manner of it's use or intended use is capable of causing death or serious bodily injury. Therefore NO EVIDENCE WAS INTRODUCED BY THE PROSECUTION TO SUSTAIN IT"S BURDEN OF PROOF ON THE ESSENTIAL ELEMENTS OF CAPITOL MURDER AS CHARGED IN THE INDICTMENT.

6. In the abscence of, and on the outside of the testimony of the Accomplice witness Billy Vann, there is no Non-Accomplice evidence of an incriminating character that tends to connect or prove beyond a reasonable doubt that Leonard Kitt entered into an agreement or a conspiracy to rob, and intentionally kill the store owner In Su Yi. Therefore <u>NO EVIDENCE WAS INTRODUCED BY THE PROSECUTION TO SUSTAIN IT"S BURDEN OF PROOF ON THE ESSENTIAL ELEMENTS OF CAPITOL MURDER AS CHARGED IN THE INDICTMENT.</u>

7. In the abscence of, and on the outside of the testimony of the accomplice witness Billy Wayne Vann, trial record Statement of Facts clearly reflects "No Non-Accomplice evidence of an incriminating character that tends to connect Leonard Kitt with the offense, that he acted <u>intentionally,</u> or with <u>intent,</u> with respect to a result of his conduct when it was his conscience objective or desire to cause the result. Therefore, NO EVIDENCE WAS INTRODUCED BY THE PROSECUTION TO SUSTAIN IT"S BURDEN OF PROOF ON THE ESSENTIAL ELEMENTS OF CAPITOL MURDER AS CHARGED IN THE INDICTMENT.

8. In the abscence of, and on the outside of the testimony of the Accomplice witness Billy Wayne Vann, there is no Non-Accomplice evidence of an incriminating character to demonstrate beyond a Reasonable Doubt, that Leonard Kitt, while Demetrius Turner, and Billy Vann was in the course of committing theft and with the intent to obtain, and maintain control of the property of In Su Yi, namely his car, car keys, or money, That Leonard Kitt solicited, encouraged, directed, aided, or attempted to aid, Demetrius Turner and/or Billy Vann in shooting In Su Yi. Therefore <u>NO EVIDENCE WAS INTRODUCED BY THE PROSECUTION TO SUSTAIN IT"S BURDEN OF PROOF ON THE ESSENTIAL ELEMENTS OF CAPITOL MURDER AS CHARGED IN THE INDICTMENT.</u>

## JURY"S VERDICT

A Jury's verdict must be supported by evidence proving beyond a reasonable doubt every element of the offense of which a defendant is convicted, (see In Re Winship supra, and Jackson v. Virginia'supra).

In this case the Jury's Verdict is not supported by any evidence proving beyond a reasonable doubt every element of the offense of Capitol Murder. Not one element is proven in fact, therefore No trier of fact could have found the defendant Leonard Kitt guilty beyond a reasonable doubt of all the essential elements of the offense of Capitol Murder as charged in the indictment.

## IDENTIFICATION

L.S. Ott (Homocide Detective) "Affiant spoke to Mr. (Demetrius) Turner after he had been given his miranda warnings from a Magistrate, and Mr. Turner told affiant that on August 3, 1992, he and his brother Billy Wayne Vann, and another black male by the name of "Wayne" whom he described as being a black male, approximately 32 years of age, medium build, dark complected, AND HAVING NO FACIAL HAIR, planned to rob...Mr. Turner further told affiant that "Wayne" got out of the vehicle and shot the store owner". (Contained in Affidavit of L.S. Ott).

23.

The description given above by Demetrius Turner a known felon, cannot
be considered reliable. Yet L.S. Ott claims to have used this information
to go to Leonard Kitt's arrest records, even Leonard Kitt does not fit
the description given. Leonard Kitt is not, and was not light complected;
furthermore Leonard Kitt has had a mustache for the previous 15 years at
the time of his arrest, and his mug shot will show. His build is not a
medium build, and his age was not at that time 32 years of age. Leonard Kitt
was 38 years old at the time of the arrest.

L.S. Ott Affidavit continued; "Affiant continued his investigation and
developed Leonard Wayne Kitt date of birth 9-29-55 as a suspect in this
case as being the person described above as "Wayne" above. Affiant checked
the arrest records for Mr. Kitt and found that Mr. Kitt fits the same general
description as the person listed as "Wayne" above".

"Affiant spoke to Robert White, a credible and reliable person with no
known criminal record who told affiant that on August 3, 1992, he was in
the parking lot where the murder of Mr. Yi occured. Affiant showed Mr.
White a photospread containing a known photograph of Leonard Wayne Kitt
and MR. White made a strong tentative identification of Mr. Kitt as the
person who shot and killed Mr. Yi on August 3, 1992".

1. L.S. Ott could not develope Leonard Wayne Kitt from the name "Wayne"
   as given by Demetrius Turner.

2. Demetrius Turner is an unreliable informant because of his track record,
   therefore L.S. Ott could not rely on his statements.

3. Robert White who supposedly identified Leonard Kitt in a photospread.
   Did not identify Leonard Kitt at trial, and in fact did not even come
   to the trial. The only person who could have connected Leonard Kitt
   to the crime was not ordered by the Court to appear, strange? Perhaps
   this Mr. White was created as an afterthought of L.S. Ott, and that is
   why none of these documents Affidavit, or Warrant were sworn to.

4. When the Affidavit is compared to the description of the person arrested,
   the two are clearly not the same person. One person is described in the
   Affidavit, and another person Kitt, who does not fit the Affidavits
   description has been arrested.

## SONYA JOHNSON"S DESCRIPTION

**PRE-TRIAL PAGE 26 lines 2-3**

Q. What did you see?

A. The tallest man had big eyes.

page 30 Pre-Trial lines 6-25

Q. After looking at these pictures did you identify someone?

it must; to avoid a directed verdict of acquittal, produce evidence
of each element; and it must to secure a conviction convince the
trier of fact of the existance of each element beyond a reasonable
doubt; (see Anderson v. State 35 Ala. 557 51 SO. 2d 257 [1951] cert
den.).

The state in this case, has failed to prove each of the various
elements of the offense beyond a reasonable doubt. Therefore Kitts
U.S. Constitutional Right to Due process has been violated. "Due
Process Clause requires the goverment to prove beyond a reasonable
doubt every element of the crime with which a defendant is charged.
If the goverment fails to sustain it's burden of proof on any element
the <u>defendant must be acquitted</u>". (see In Re Winship 397 U.S. 358, 364).

After discounting the accomplice witness testimony of Billy Vann the
record clearly reveals that the Non-Accomplice Witness Testimony of
Prosecution Witness Sonya Johnson, and Pil Shin, <u>do not indicate possession
of or control over In Su Yi property by the tall man namely his car keys,
money, or car that was unlawfully taken from him.</u>

After discounting the accomplice witness testimony of Billy Vann the
record clearly reveals <u>no Non-Accomplice evidence of an incriminating
character that tends to connect the tall man with the offense</u>, that the
tall man was involved in, or connected with the shooting and intentional
killing of the store owner In Su Yi.

Therefore no rational trier of fact could have found the Applicant
(the tall man) guilty <u>beyond a reasonable doubt of all of the essential
elements of the offense of Capitol Murder as charged in the indictment.</u>

The burden upon the prosecution of proving guilt beyond a reasonable
doubt applies not only to the crime charged, but also to the defendants
identity, and each must be proved separately, and distinctly beyond
a reasonable doubt, (see In Re Winship 397 U.S. 358, 364 (1970) and
U.S. V. Barber 442 F2d 517 [1971]).

Identity was not proven beyond a reasonable doubt in this case. Clearly
Mr. Shin has said "I can't say thats the right man" (see page 14 of this
Affidavit). Sonya Johnson described a man at the scene of the crime, with
light skin, and no facial hair. Yet we know from the record, that Leonard
Kitt has had a mustache for 15 years, and by his own admission, he is not
a light skinned black man. The Affidavit of L.S. Ott, where Demetrius
Turner describes someone named "Wayne" even states that "Wayne" has no
facial hair. But of course Demetrius Turner is an unreliable source because
of his criminal record. But Sonya Johnson and Demetrius Turner do agree on
the fact of no facial hair.

20.

Witness; The mustache and the height, you know, because of--the short-the picture I seen, I didn't know if it was the correct height or not. (lines 1-6 page 32 PRe-Trial).

Page 38 lines 5-21 PRe-Trial Testimony of Sonya Johnson,

Q. Ma'm your photospread identification where you picked number three back in August of 1992, if I might ask you on a scale of 1 to 10, how postive you were when you made that identiftcation, where would you put your degree of positiveness at from 1 to 10 on a scale?

The Court; With 10 being what?

Mr. Hinton; 10 being the most positive you could be and 1 being the least positive?

A. 7.

Q. Well, you weren't 100% positive in your identification, is that correct?

A. I wasn't 100% what?

Q. In your identification, you wouldn't characterize it as you were 100%--

A. 100% positive, No. I'm not a 100% positive sir.

This witness admits she is not making a 100% positive identification. She admits on a scale of 1 to 10, she is only a 7 in regards to identification.

Page 40 of the Pre-Trial Testimony of Sonya Johnson lines 8-14

Q. But you never told those police officers, I'm positive thats the man, did you?

A. I can't--no. I don't remember saying that I was positive. I don't remember saying that.

Q. You never even said that's the man, did you, on the video?

A. No, I did not. I didn't say that.

Page 43 of Pre-Trial Testimony lines 3-6

Q. How about his build?

A. Slim.

Q. Facial Hair?

A. none.

Again we see the no facial hair description, and to say that Leonard Kitt is slim, does not fit his description either. Sonya Johnson cannot be said to have positively identified Leonard Kitt as being the tall man

who participated in the offense. See pages 46 lines 8-12 and page 47
lines 10-12;

Q. On one video you made an identification of the man you see in the
courtroom here today, is that correct?

A. I made the identification from the photos that was shown to me.

    This clearly shows that Sonya Johnson is identifying Leonard Kitt
not because of her seeing him at the scene, but from the photos that
were shown to her by L.S. Ott.

Q. So all the videos you were shown, you did not make an identification
from either one?

A. No I did not.

    No identification was made from the videos. But Sonya Johnson's
statement from page 46 lines 8-12 of the Pre-Trial testimony clearly
shows, proves how Mrs. Johnson was able to make an identification, it was
from the photos, not the scene of the crime.

Pre-Trial Testimony of Mr. Shin on identification  pages 70 lines 12-25

Q. Sir, the man in the courtroom today, he has never threatened you about
your coming to court, and testifying, has he?

A. Well, I can't recall. I cannot remember. All I can say to you is that
he looks alike to the man who pointed the gun to me. I cannot say that,
Yes, that's the right man.

Q. You can't say that's the right man?

A. That's right.

    So we can see clearly that MR. Shin never made an identification of
Mr. Kitt. "I cannot say that is the right man," amounts to no identification.

    Now these three witnesses; (1) Demetrius Turner, (2) Sonya Johnson, and
(3) Pil Shin, all have very particular descriptions of the robbers. The
problem is none of their descriptions given of the Tall Man, or the man
named "Wayne" fits Leonard Kitt. Both Demetrius Turner, and Sonya Johnson,
state the tall man was light complected, and had no facial hair. This does
not describe Leonard Kitt, and his mug shot at the time of arrest will
reflect that.

CONSTITUTIONAL RIGHTS VIOLATED

    Leonard Kitt hereby states that the District Judge, Michael McSpadden,
the District Attorney's Dan Rizzo, and Bill Hawkins, the Houston

27,

Homocide Detective L.S. Ott, and Harris County District Judge Bacon,
as well Defense Attorney's Ken Goode (6420 Richmond Suite 490 Houston
Texas 77057) and Charles Hinton, have conspired together to violate
Leonard Wayne Kitt's U.S. Constitutional Rights as guaranteed under
the 4th, 6th, 8th, and the 14th Amendment of the United States Consti-
tution. IT is because of these violations that Leonard Kitt is seeking
the filing of Federal Criminal Charges under U.S. Criminal Code Title
18 § 241 and 242.

   I Leonard Wayne Kitt #655955 declare under the penalty of perjury
that the foregoing facts are true and correct to the best of my knowledge,
and understanding.

signed on date; *10-7-02*

                              Respectfully submitted,

                              *Leonard W. Kitt*
                              Leonard Wayne Kitt #655955
                              P.O. Box 4500
                              Tennessee Colony Texas 75886

who told affiant that he took Mr. Turner before a Harris County Magistrate and that August 3, 1992, Mr. Turner was given his legal Miranda warnings.

Affiant spoke to Mr. Turner after he had been given his Miranda warnings from a Magistrate, and Mr Turner told affiant that on August 3, 1992, he and his brother Billy Wayne Vann, and another black male by the name of "Wayne" whom he described as being a black male, approximately 32 years of age, medium build, dark complected, and having no facial hair, planned to rob the business at 10017 West Montgomery, Houston, Texas, and did rob the store using guns. Mr. Turner told affiant that they also stole the store owner's vehicle and were in the process of leaving the location when the store owner came out of the store shooting at the vehicle that the three of them were in. Mr. Turner further told affiant that "Wayne" got out of the vehicle and shot the store owner. Mr. Turner also told affiant he was shot three times during the gun battle.

Affiant continued his investigation and developed Leonard Wayne Kitt, date of birth 9-29-55 as a suspect in this case as being the person described as "Wayne" above. Affiant checked the arrest records for Mr. Kitt and found that Mr. Kitt fits the same general description as the person listed as "Wayne" above.

Affiant spoke to Robert White, a credible and reliable person with no known criminal record who told affiant that on August 3, 1992, he was in the parking lot where the murder of Mr. Yi occurred. Affiant showed Mr. White a photospread containing a known photograph of Leonard Wayne Kitt, and Mr. White made a strong tentative identification of Mr. Kitt as the person who shot and killed Mr. Yi on August 3, 1992.

AGAINST THE PEACE AND DIGNITY OF THE STATE


_____
L.S. OTT, AFFIANT

Sworn to and Subscribed before me on this the _____ day of _____, 1992, A.D., at _____ o'clock __.M.

RECORDERS MEMORANDUM
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

_____
JUDGE PRESIDING
District Court
Harris County, Texas

3433-1837     0000 000

**THE STATE OF TEXAS**

AFFIDAVIT FOR ARREST WARRANT

**HARRIS COUNTY, TEXAS**

I, L.S. Ott, employed as a peace officer with the Houston Police Department, assigned to the Homicide Division, do solemnly swear that I have reason to believe and do believe that Leonard Wayne Kitt, date of birth 9-25-55, did, in Harris County, Texas, on or about August 3, 1992, intentionally and knowingly committed the felony offense of capital murder.

**MY BELIEF IS BASED UPON THE FOLLOWING FACTS:**

Affiant, L.S. Ott, a Houston Police Officer assigned to the Homicide Division arrived at 10017 West Montgomery in Houston, Harris County, Texas on August 3, 1992, and found a person affiant later came to know by sight and by name as In Su Yi lying in the parking lot of his business with apparent gunshot wounds to his body and deceased.

Affiant spoke to Zelda Robbins, a clerk with the Harris County Medical Examiner's Office who read the autopsy report of In Su Yi and told affiant that the report stated that Mr. Yi died as a result of a gunshot wound.

Affiant spoke to Jackie Manning, a credible and reliable person with no known criminal record who told affiant that on August 3, 1992, she arrived in the parking lot at 10017 West Montgomery when she saw Mr. Yi, a person she knew by sight and by name as the owner of a grocery store at the above location, in a gun fight with three black males and saw Mr. Yi get shot and die in the parking lot. Ms. Manning stated that one of the black males was shot during the gun fight. Ms. Manning also told affiant that on August 3, 1992, she saw a person affiant later came to know by sight and by name as Demetrus Ray Turner on TV as he was being taken to the hospital for gunshot wounds. Ms. Manning told affiant that Mr. Turner was one of the black males that she described above as being involved in the gun fight.

Affiant spoke to G.J. Ebers, a Houston Police Officer who told affiant on August 3, 1992, he arrested a person he later came to know as Demetrus Ray Turner after Mr. Turner called the police claiming he had been shot while being a victim of a robbery and after Mr. Turner gave conflicting accounts of the shooting he was involved in.

Affiant spoke to Sgt. Novak, a Houston Police Homicide Detective

RECORDERS MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

3433 1836    0000 000



EXHIBIT 1

EXHIBIT
#



THE STATE OF TEXAS        **S**     **ARREST**

COUNTY OF HARRIS        **S**     **WARRANT**

TO THE SHERIFF OR ANY PEACE OFFICER OF HARRIS COUNTY, TEXAS

G R E E T I N G S:

WHEREAS, Complaint in writing, under oath, has been made before me by L.S.Ott, a peace officer employed by the Houston Police Department, assigned to the Homicide Division, which complaint is attached hereto and expressly made a part hereof, stating facts and information in my opinion sufficient to establish probable cause for the issuance of this warrant.

NOW THEREFORE, you are commanded to arrest and bring before me Leonard Wayne Kitt, date of birth 9-29-55, described and accused in said affidavit for the offense of Capital Murder.

HEREIN FAIL NOT, but you have this warrant which you must execute then shall you return the same to me showing the manner whereby you have executed this writ.

WITNESS MY SIGNATURE on this the ____ day of _____, 1992 at _____ o'clock ____.M.

---

MAGISTRATE, HARRIS COUNTY
JUDICIAL DISTRICT COURT

**RECORDER'S MEMORANDUM:**
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

3433 1835      0000 0000



THE STATE OF TEXAS      S      RETURN AND INVENTORY

COUNTY OF HARRIS      S

       The undersigned affiant, being a peace officer under the laws of the State of Texas and being duly sworn on oath certifies that the foregoing warrant came to hand on the same day issued and that it was executed on the _____ day of _____ A.D., 1992, and the following persons were arrested as directed:

_____

Sworn to and Subscribed before me, the undersigned authority, on this the _____ day of _____ A.D., 1992.

_____

NOTARY PUBLIC in and for

Harris County, Texas

RECORDERS MEMORANDUM
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

EXHIBIT 3

3433 1 838     0000 00

EXHIBIT F

IS A TRUE COPY

NO. 643412

THE STATE OF TEXAS                          IN THE DISTRICT COURT OF

VS.                                         HARRIS COUNTY, TEXAS

LEONARD KITT                                209TH JUDICIAL DISTRICT

MOTION TO SUPPRESS EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW LEONARD KITT, defendant, and in support
of this motion shows as follows:

I.

This motion is based on the 4th Amendment to the
U.S. Constitution, Article I section 9 of the Texas Consti-
tution, and Article 38.23 of the Code of Criminal Procedure.

II.

Defendant was unreasonably and illegally arrested
on or about September 8, 1992 in Harris County. The affidavit
of L.S.Ott does not establish probable cause for issuance of
an arrest warrant. Defendant was arrested in violation of the
law as set out above.

III.

Defendant seeks suppression of all evidence, direct
or indirect, whether testimonial, factual, or scientific, obtained

RECEIVED
KATHERINE TYRA
District Clerk
DEC 29 1992
Harris County, Texas
By_____ Deputy

LEONARD WAYNE KITT          §   ANDERSON COUNTY
#655955                     §   MICHAEL UNIT
                            §   TDCJ

## AFFIDAVIT OF FACTS

    Affiant Leonard Wayne Kitt does hereby state under penalty of perjury, that he is incarcerated in violation of the United States Constitution, Amendments 4,8, and 14. Affiant further states that these violations began on 8-3-92 with the illegal arrest of Affiant, and continued through the Trial Date of 7-21-93, and still continue today. Affiant has good reason to believe, and the Court records show that U.S.C. Title 18 § 201, 241, and 242 have been violated in State Cause 643412, and Affiant now seeks to have these crimes prosecuted.

    Affiant was arrested on 9-8-92 with an Illegal Warrant that was never signed. This arrest was carried out by L.S. Ott an Officer with the Houston Police Department. L.S. Ott also wrote an Affidavit of Complaint, on which the Arrest Warrant was supposed to be based. However neither the Affidavit, of the Arrest Warrant was signed or dated. Without a signature on either document, they were in effect not sworn to, and illegal according to the Texas Criminal Code of Procedure art.'s 15.02 (3), and 15.05 (4), which states they must both be signed. An objection was placed in a Pre-Trial Hearing based on the arrest warrant,and affidavit being illegal, the Motion was denied. See attached.

    In further violation of Affiant's Constitutional Rights, Affiant was convicted of Capitol Murder with no evidence to show that Affiant committed Capitol Murder. There were three witnesses who testified at trial, (1) Billy Wayne Vann (an accomplice witness, see Tex. Crim. Cd. art. 38.14) (2) Sonya Johnson (who states she never saw Affiant do anything incriminating, see pages 239 of statement of facts 235, and page 442) and 3. Pil Shin (Pre-Trial Testimony pages 63-64). The killer was clearly identified as the man with the black scarf, a man who Billy Wayne Vann identifies as Demetrius Turner (Billy Vann's Brother), see pages 442 of Trial Statement of Facts. Therefore it is Affiants contention that: "No rational Trier of Fact could have found beyond reasonable doubt, all of the essential elements of the offense of Capitol Murder", and for this reason Affiant states that the evidence does not support the juries verdict.

    Affiant for these reasons seeks to have federal criminal charges filed against the Officials involved under the Federal Criminal Codes that have been violated. Specifically Affiant believes that Title 18 § 201, 241, and 242, have been violated in this cause number (643412) out of Harris County, and this Court has jurisdiction to hear the matter, and investigate the case.

1.

## ALLEGATIONS

### L.S. OTT HOUSTON POLICE DEPARTMENT HOMOCIDE DIVISION

L.S. Ott while acting in his official capacity as an officer of the law, did unlawfully arrest Leonard Wayne Kitt on the date of September 8th, 1992, by acting on an unlawful, unsworn, and illegally obtained Arrest Warrant. L.S. Ott in order to carry out said illegal arrest, conspired with Dan Rizzo of the Harris County District Attorney's Office, in order to obtain and execute the illegal arrest

L.S. Ott wrote an Affidavit of Complaint that the Illegal Arrest Warrant was supposed to be based on. The Affidavit of Complaint does not give a proper description of the person to be arrested. In fact the description in the Affidavit does not even fit Leonard Wayne Kitt, who had facial hair at the time of his arrest. Furthermore the name "Wayne" as given in the Affidavit could belong to anyone of thousands of people in the Harris County area. This Information was not obtained from a credible, and reliable source, but it was obtained from Demetrius Turner an informant with a known track record, who is proven by Court precedents to be unreliable. For references see the attached Affidavit, Warrant, and attached documents.

L.S. Ott implicated two other state officials in his illegal activities. 1. Dan Rizzo of the Harris County District Attorneys Office who Mr. Ott says drew the arrest warrant up, (see pages 86 lines 13-24 of Pre Trial S.F.) The Warrant that was drew up by Dan Rizzo was based on the Affidavit of L.S. Ott, an Affidavit that clearly fails the Probable Cause Test. See Warrant and Affidavit attached.

2. L.S. Ott, implicates Harris County Judge Bacon in this Illegal Arrest Warrant. By stating that Bacon is the one who signed the Arrest Warrant. (See page 87 lines 1-5 of the Pre Trial S.F.). If in fact Judge Bacon signed an Arrest Warrant then that signed Arrest Warrant should have been produced. Because if produced, it will clearly implicate Judge Bacon in the Illegal Arrest of Leonard Wayne Kitt, the Warrant would have to be based on L.S. Ott's Affidavit, which does not give Probable Cause. The fact that a signed warrant was never produced, proves that there never was a valid Warrant. Had there been a valid Warrant for the Arrest of Leonard Wayne Kitt, Judge Bacon would have testified at Pre-Trial to it's validity.

### DAN RIZZO ASSISTANT DISTRICT ATTORNEY FOR HARRIS COUNTY

Based on L.S. Ott's testimony at the Pre-Trial of Leonard Wayne Kitt, it is clear that there was a conspiracy between Dan Rizzo, and L.S. Ott two different goverment officials, to deny Leonard Wayne Kitt's Constitutional Rights as guaranteed under the United States Constitution Amendment Four, and under Title 18 § 241, and 242 of the Federal Criminal Code. It is plain that Dan Rizzo acting in his Official Capacity drew up an Arrest Warrant for the Arrest of Leonard Wayne Kitt, that Arrest Warrant was illegal not being based on Probable Cause. Probable Cause for the arrest of Kitt is not shown in L.S. Ott's Affidavit.

## BILL HAWKINS HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE

Bill Hawkins gets involved in these matters, by the offering of a
bribe to Billy Wayne Vann, in order to get Mr. Vann to testify against
Mr. Kitt. The bribe offered was a Letter of Recommendation on the
subject of Parole for Billy Wayne Vann. This letter was to be written
by Bill Hawkins in his Official Capacity as an Assistant District
Attorney for the State of Texas in Harris County. This allegation
is supported by the record found at pages 359-360 of the Trial State-
ment of Facts, where it is stated:

page 359
1.-2 Q. Are you presently under indictment ?

1.-3 A. Yes Sir.

1.-7 Q. And has there been an agreement reached in exchange for your
        testimony in this case against Leonard Wayne Kitt ?

1.-8 A. Yes Sir.

Page 360

1.-1 Q. The agreement involves any type of letter being written ?

1.-5 A. Yes Sir.

1.-6 Q. And who is that letter to be written to ?

1.-7 A. The Texas Department of Corrections.

1.-8 Q. Is that the Parole Board ?

1.-9 A. Yes Sir.

So it is clear that Billy Wayne Vann testified against Mr. Leonard Wayne
Kitt, so that Mr. Bill Hawkins (Assistant D.A.) would write a letter to
the Parole Board for him. This offer from Bill Hawkins was in fact an
illegal bribe, that was performed while Mr. Hawkins was acting in his
Official Capacity. This is a violation of Leonard Wayne Kitt's Constitutional
Rights to be free from Cruel and Unusual Punishment, and a violation
of the Federal Criminal Code Title 18 § 201.

## MICHAEL T. McSPADDEN STATE DISTRICT JUDGE HARRIS COUNTY 209th DISTRICT COURT

Judge McSpadden is involved because of his knowledge of these crimes being
committed by his fellow goverment employees. Judge McSpadden became aware
of the Fourth Amendment U.S. Constitutional violation at Pre-Trial. Where
he learned:

1. That both the Arrest Warrant, and the Affidavit were unsworn, being
   unsigned; see Pre-Trial Statement of Facts lines 5-11;

3.

2. Judge McSpadden also learned that the Assistant District Attorney
Mr. Dan Rizzo is the one who prepared the Pocket Warrant (see page
86 of the Pre-Trial Statement of Facts lines 5-25), which was based
on the Affidavit of L.S. Ott, (an affidavit that failed to give
Probable Cause for the Arrest of Leonard Wayne Kitt, and also failed
to give a particular description). This proves that Judge McSpadden
was aware of the conspiracy of L.S. Ott, and Mr. Dan Rizzo to deny
the Civil Rights of Leonard Wayne Kitt, and should have prompted the
Judge to do a more thorough investigation into the matter of the
Pocket Warrant, and Affidavit not being sworn to. The Judge knew
the Code of Criminal Procedure art. 15.02 (3), 15.05 (4), and was
aware of the fact that both documents were required to be signed. Yet
Judge McSpadden allowed these illegal documents to be admitted into
evidence, without so much as calling Judge Bacon to find out if Bacon
had in fact signed an Arrest Warrant. Furthermore judge McSpadden
violated Leonard Wayne Kitt's U.S. Constitutional Rights, when he failed
to intervene and uphold the laws of this land, namely the Fourth
Amendment of the United States Constitution, and the United States
Supreme Court's holding in Stone v. Powell 428 U.S. 465, where it is
held that a "Full and Fair" opportunity must be given to have heard
a Fourth Amendment violation. Judge McSpadden was aware a Fourth
Amendment violation was alleged, (see Motion to Suppress, attached).

3. Judge McSpadden became aware of the Bribe offered to Billy Wayne Vann
during the trial testimony. Where he heard Mr. Vann testify about the
letter that was to be written by the District Attorney's Office to the
Parole Board. Judge McSpadden at the time of this testimony became
aware of a Bribe being offered, and yet in spite of that knowledge he
failed to intervene to uphold the law of the land. This intentional
failure can only be interpreted, as the judge allowing the District
Attorney's Office to win a conviction, no matter what laws were violated.
See U.S.C.C. Title 18 § 201, and Tex. Pen. Code 37.10. See statement of
facts Trial pages 359-60.

4. Judge McSpadden learned of the Fourth Amendment violation at the Pre-
Trial hearing. The Court held in Stone v. Powell supra; that an
opportunity must be given for the Fourth Amendment claim to be heard
on Appeal also. Leonard Wayne Kitt lost his Fourth Amendment claim in
State Court due to Ineffective Assistance of Counsel, Appellate Counsel
failed to raise the 4th Amendment violation on Appeal. When Leonard
Kitt tried to bring the 4th Amendment violation up through a Habeas
Corpus proceeding, Judge McSpadden denied the Application, with a
suggestion to the Court of Criminal Appeals to cite Kitt for Writ
Abuse, Judge McSpadden once again denied Leonard Kitt's Fourth Amend-
ment claim. This is a direct violation of Leonard Kitt's U.S. Consti-
tutional Rights, and a violation of U.S. Supreme Court precedents.

4.

## STATEMENT OF THE CASE

This is a Capitol Murder case, in which the evidence does not support the Jury's verdict of guilt. This case has been through the State Courts first on Direct Appeal, and then on Habeas Corpus. A 2254 was filed in the U.S. Southern District Court of Texas, Houston Division, and appeal was sought from their order. The Fifth Circuit Court of Appeals denied the Petitioner a Certificate of Appealability on 2-27-02.

Leonard Wayne Kitt Affiant in this Affidavit, believes that the Affidavit of Complaint and the Arrest Warrant in this case are both un-constitutional. They are not signed, and therefore not sworn to. The Affidavit fails to particularly describe Leonard Wayne Kitt, and it does not show Probable Cause. The Arrest Warrant was based on an Insufficient and Illegal Affidavit, because the Affidavit failed to particularly describe Leonard Wayne Kitt, and failed to show Probable Cause, not being based on a Credible and Reliable persons statement. Demetrius Turner is an Accomplice Witness, with a known Track Record, and therefore he is unreliable. Applicant believes this case should be reviewed in the interests of justice, because there has been a fundamental miscarriage of justice.

The Prosecution did not prove the elements of Capitol Murder beyond a reasonable doubt with regards to Leonard Kitt. There was no corroborating evidence of Mr. Vann's testimony as the Prosecution stated it would show in it's opening statement, see next paragraph Opening Statement.

The State District Court did not apply the Reasonable Doubt standard as found in Jackson v. Virginia 443 U.S. 307, 99 S. Ct. 2781, when it denied Counsel's Motion for Instructed Verdict.

For all of these reasons Complainant Leonard Kitt believes that U.S. Title 18 § 201, 241, and 242, as well as U.S. Constitutional Amendments 4, 6, 8, and 14 have been violated. in this case, and that Leonard Kitt is incarcerated in violation of the United States Constitution.

## OPENING STATEMENT OF MR. BILL HAWKINS ASST. D.A. HARRIS COUNTY TEXAS

Mr. Hawkins; The State of Texas vs. Leonard Wayne Kitt. In the name and by the authority of the State of Texas, the duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County Texas that in Harris County Texas, Leonard Wayne Kitt, hereafter styled the defendant, heretofore on or about August 3, 1992, did then and there unlawfully while in the course of committing and attempting to commit the robbery of In Su Yi, hereafter styled the Complainant, intentionally cause the death of the Complainant, by shooting the Complainant with a deadly weapon, namely a firearm. Against the peace and dignity of the State, signed by the foreman of the grand jury.

The Court; To which the defendant pleads?

Defendant; Not guilty.

5.

The Court; Mr. Hawkins, you may proceed.

Mr. Hawkins; May I make a brief opening statement, Your Honor?

The Court; You may.

Mr. Hawkins; Good Morning.

Jury; Good Morning.

Mr. Hawkins; Up until this point, we have not been allowed to discuss the facts with you at all. At this point I would like very briefly to outline for you what I expect the evidence will show.

You are going to hear that on the morning of August 3rd of 1992, that In Su Yi went to work, just like he has always done, to open a family owned market out on West Montgomery, an area out close to Acres Homes in North Houston.

You will hear that approximately mid-morning three men showed up at that store. Mr. Yi was in the store, and Mr. Shin, an employee of his, was in the store as well.

The three men went to a bus stop. They entered the store. A very violent robbery took place inside the store. Money was taken. Mr. Yi's car keys were taken. The three men left the store, were in the process of taking Mr. Yi's car when he exited the store and began to shoot at the three men. A gun battle ensued. Mr. Yi lost his life as a result of the gun battle.

Two of the robbers were wounded. They escaped in Mr. Yi's car, and left, went a short distance away to another vehicle, and then left the area.

You will hear from a number of witnesses in bits and pieces as to what they can recollect they saw during this crime.

You will hear from Billy Wayne Vann, A Man with a LENGTHY CRIMINAL HISTORY, one of the robbers that participated in this awful crime. MR. Vann will tell you that this crime was planned approximately a month before, that this particular store was selected for a reason by the defendant; that on the morning of August 3rd they met at Mr. Vann's mother's house and he, his brother, Demetrius Turner and the defendant drove over near the apartments, the Garden City Apartments, where they then walked over to the bus stop and the store. Mr. Vann will tell you how the robbery took place and what happened after the robbery.

A lady named Sonya Johnson that was at the bus stop will tell you that she saw much of what occured. She will identify the defendant as one of the three robbers, and they were all distinctive to her.

6.

A man named In Su Yi--pardon me--<u>Mr. Shin</u>, a Korean store clerk will!
identify the defendant in a more tentative manner. He is Korean. All
Americans look alike. <u>Black people are even more difficult for him to
identify</u>.

Based upon that evidence, <u>corroborating Mr. Vann's testimony</u>, I'm going
to ask you to find the defendant guilty of <u>CAPITOL MURDER</u>.

## ELEMENTS OF CAPITOL MURDER

INDICTMENT READS: while in the course of committing and attempting to
the robbery of IN SU YI, hereafter styled the Complainant, intentionally
cause the death of the Complainant, by shooting the Complainant with a
deadly weapon, namely a firearm.

A person-commits the offense of <u>capitol murder</u> if he intentionally commits
murder, as hereinbefore defined, and the person intentionally commits the
murder in the course of committing or attempting to commit the offense of
<u>robbery</u>. (JURY CHARGE, AND TEX. PEN. CODE 19.03).

## JURY CHARGE CONTINUED

A person commits the offense of robbery if, in the course of committing
theft, and with intent to obtain or maintain control of property of another
he;
   (1) intentionally or knowingly causes bodily injury to another; or
   (2) intentionally or knowingly threatens or places another in fear of
       imminent bodily injury or death.

A person commits the offense aggravated robbery if he commits robbery,
as hereinbefore defined, and he;
   (1) causes serious bodily injury to another; or
   (2) uses or exhibits a deadly weapon.

"In the course of committing theft" means conduct that occurs in an
attempt to commit, during the commission, or in the immediate flight
after the attempt or commission of theft.

Theft is the unlawful appropriation of property with intent  to deprive
the owner of property.

Deadly weapon means a firearm or anything manifestly designed, made, or
adapted for the purpose of inflicting death or serious bodily injury; or
anything that in the manner of it's use to intended use is capable of
causing death or serious bodily injury.

Bodily injury means physical pain, illness, or any impairment of
physical condition.

7.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to an offense.

Before you would be warranted in convicting the defendant, Leonard Wayne Kitt, of Capitol Murder, you must find from the evidence BEYOND A REASONABLE DOUBT not only that on the occasion in question the defendant was engaged in the commission or attempted commission of the felony offense of Robbery of In Su Yi, as defined in this charge, but also that during the commission or attempted commission of the robbery thereof, if any, either the Defendant intentionally caused the death of In Su Yi, or the defendant, Leonard Wayne Kitt, with intent to promote or assist the commission of the offense of Capitol Murder...

## WHAT THE EVIDENCE PROVES

## TRIAL WITNESS SONYA JOHNSON'S TESTIMONY

PAGE 208 trial transcript (cont. 209)

Q. Now the one trying to get in the car, which of the three men was he?

A. The one with the Black Scarf.

Q. Did anything happen while he was trying to get in the car?

A. Yes.

Q. What happened then?

A. He shot the chinese man.

## TRIAL ACCOMPLICE WITNESS BILLY WAYNE VANN PAGE 442 lines 1-10 Trial Transcript

Q. Did Demetrius Have a scarf?

A. Yes, Sir.

Q. Do you recall what color it was?

A. Black.

This is corroboration of the Accomplice Witness Testimony, and it proves that Leonard Wayne Kitt is not guilty of Capitol Murder. According to the Trial Testimony it is Demetrius Turner who killed Mr. In Su Yi.

## TRIAL ACCOMPLICE WITNESS BILLY WAYNE VANN TRIAL S. F. PAGE 368

1.-10 Q. Demetrius Turner, how are you related to him?

1.-11 A. He's my brother.

For Billy Wayne Vann to admit that Demetrius Turner is his brother, proves his motive for lying on Leonard Wayne Kitt, so he could save his brother from the Death Penalty, for being the trigger man in a Capitol Murder case.

Now the Opening Statement of the State's Prosecutor Bill Hawkins, stated: "A lady named Sonya Johnson that was at the bus stop will tell you that she saw much of what occured. She will identify THE DEFENDANT AS ONE OF THE ROBBERS, and they were all distinctive to her".

SONYA JOHNSON"S TESTIMONY AS TO LEONARD WAYNE KITT PAGE 235 Trial S.F. lines 19-25

Q. As for as your own personal knowledge of anything that might have gone on inside of the H & L Market, you know nothing, is that not correct?

A. That's right sir.

Q. You did not see the tallest man with a gun, did you?

A. No Sir, I did not.

This means no deadly weapon was exhibited by Kitt, and the Deadly Weapon fails the Corroboration Test of Tex. Crim. Code 38.14.

SONYA JOHNSON CONT. PAGE 236

Q. YOU DID NOT SEE THE TALLEST MAN WITH ANY TYPE WEAPON DID YOU?

A. NO SIR, I DID NOT.

Q. YOU DID NOT SEE THE TALLEST MAN TAKE ANYONES MONEY, DID YOU?

A. no sir, I did not. (This means Kitt exercised no control over H & L's money)

Q. YOU DID NOT SEE THE TALLEST MAN SHOOTING AT ANYONE DID YOU?

A. NO, SIR.

Q. IN SHORT YOU DID NOT SEE THE TALLEST MAN ROB ANYONE DID YOU?

A. No SIR.

This testimony does not corroborate the accomplice witness' testimony, as the Prosecutor Bill Hawkins stated Mrs. Sonya Johnson's testimony would do in his opening Statement; "Based upon that evidence corroborating Mr. Vann's testimony, I'm going to ask you to find the defendant (Leonard Wayne Kitt) guilty of Capitol Murder". Clearly the two testimonies combined, Mr. Vann, and Mrs. Johnson, do not corroborate one another, except on the identity of the Killer, the man with the Black Scarf, Demetrius Turner.

9.

**SONYA JOHNSON'S TESTIMONY CONT. S.F. TRIAL PAGE 239**

Q. Now as the-in reference to the tall man, you never saw the tall man, you never saw the tall man get into the owners vehicle did you?

A. No sir.

Q. And you never saw the tall man running towards the owners vehicle did you?

A. No sir.

Q. You--where did you see the tall man as he came out of the store? Where was he headed?

A. Towards the Apartments.

This portion of Sonya Johnson's testimony proves that Leonard Wayne Kitt did not attempt to, obtain or maintain control of Mr. Yi's Car or Car Keys.

**SONYA JOHNSON'S TESTIMONY CONT. S.F. TRIAL PAGE 208**

Q. Did you see more than two people that were involved in the situation, the two black men? Did you see more than two black men around the car?

A. No just two of them.

Q. One inside the car?

A. Yes.

Q. And one trying to get in the car?

A. Yes Sir.

There was only two men around the car, they were Billy Wayne Vann, and Demetrius Turner. This does not tend to connect Leonard Wayne Kitt with the offense.

**SONYA JOHNSON'S TESTIMONY CONT. S.F. TRIAL PAGE 240 1.-12-21**

Q. And the tall man that you saw heading in the direction of the Garden City Apartments, after he came out of the store, you never saw him get together with the short man, did you?

A. No sir.

Q. And the tall man, after you saw him coming out of the store, you never saw him get together with the man with the scarf who you say was doing the shooting, either did you?

A. No sir.

10.

So there is no evidence from Sonya Johnson to support any of the elements of a Capitol Murder charge, with regards to Leonard Wayne Kitt. Sonya Johnson has not placed Kitt obtaining or maintaining control of any property of Mr. In Su Yi's, and Sonya Johnson has not placed Leonard Wayne Kitt as having a weapon, or intentionally killing Mr. In Su Yi. So the Prosecutions burder of proof on the elements of Capitol Murder, was not met through Sonya Johnson's testimony.

After discounting the Accomplice Witness Testimony of Billy Wayne Vann, the record clearly reveals that the Non-Accomplice Testimony of Prosecution Witness Sonya Johnson, do not indicate possession of, or control over In Su Yi's property (by the tall man), namely his car, car keys, ... or money that was unlawfully taken from him.

## IDENTITY OF KITT BEING THE TALL MAN WITH BIG EYES

Q. Now, as far as the Courtroom today is concerned, do you see the person in the courtroom today that the day of the robbery, August 3rd 1992, was the man--the tall man with the big eyes? Do you see that person in the Courtroom?

A. Yes Sir.

Q. Could you tell the jury, please where that person is seated, what they are wearing, and point him out for me?

A. The guy sitting there with the gray suit on to my left-to my right--I'm sorry to my right.

Q. And what's his tie like?

A. Excuse me?

Q. What's his tie like? Describe the tie a little bit.

A. A little burgundy, a light blue gray.

Q. And his race?

A. Black.

   Mr. Hawkins; Your Honor may the record reflect the witness has identified the defendant. (pages 222 lines 16-25, page 223 lines 1-10 Statement of Facts, Mrs. Sonya Johnson's testimony).

## SONYA JOHNSONS TESTIMONY CONT. PAGE 233 lines 2-6 S. F. Trial

Q. The tall man did not have any facial hair, correct?

A. Correct.

Q. The tall man did not have a mustache, correct?

A. Correct.

**page 246 line 8-25, page 247 line 1-3, SONYA JOHNSON S.F. Trial**

Q. Now I want to direct your attention to the gentleman in the courtroom here, seated two spots over to my left, and I would like you to take a look at his face. Now you would agree would you not, that concerning his face, one of the features that dominates that face is the facial hair in the form of a mustache that runs along the top of his lips and curves down the side of his jaw, or down the sides of his mouth? Would you agree with that?

A. Yes sir.

Q. All right. And would you agree that as you look at this man in the Courtroom, you cannot help but see that mustache? Would you agree with that?

A. Yes sir.

Q. And that if someone were describing a person in the courtroom and said that the man I'm talking about doesn't have any facial hair, you would agree, would you not, that they couldn't be talking about the man seated two positions to my left? You would agree with that wouldn't you?

A. Yes sir.

Now Sonya Johnson identified a man from the robbery, as having no facial hair. This is the person she described as being the tall man with big eyes, and having no facial hair.

**CLOSING ARGUMENT PAGE 743 lines 10-16**

Based on the evidence that you've heard in this case, you will find that Ms. Johnson who said the tall man was bright, 24 to 26 years old, when we know that Kitt is 38, no facial hair, when we know he's had a mustache for 15 years, that her testimony will cause you to hesitate...

This portion of the Closing Argument quoted above, proves the discrepancies between the identity given by description to the officers, and the description of the man (Leonard Wayne Kitt) who was convicted. This also proves by way of Sonya Johnson's testimony, that the State has failed to sustain it's burden of proof on the "Essential Elements" of the Offense of Capitol Murder beyond a Reasonable Doubt.

12.

## CLOSING ARGUMENT PAGE 724 lines 17-24

Suffice to say by his own admission in testimony, Mr. Kitt is not a
bright black man. That was the description given at the scene, a bright
black man. No facial hair. No mention of that distinctive mustache, or
the broad nose. Think about all those discrepancies. It wasn't him. It
just wasn't him.

The fact that the description given at the crime scene, did not fit Leonard
Wayne Kitt, shows that the State has once again failed to sustain it's
burden of proof on the "Essential Elements" of the offense of Capitol
Murder.

## CLOSING ARGUMENT PAGE 734 lines 17-25, 735 lines 1-9

On the State's opening statement, there was a statement that Sonya
Johnson will identify the defendant as one of the three robbers. She didn't
do that, did she? As a matter of fact, her testimony was, that she did not
see Leonard Kitt rob anyone out there at the H & L Food Market. If you will
recall her testimony, when I said to her, You didn't see Leonard Kitt rob
anybody, did you? No, Sir. You didn't see Leonard Kitt with a gun did you?
No, sir. You didn't see Leonard Kitt jump in Mr. Yi's car did you? Well, what
did you see Leonard Kitt--what did you see the tall man do? She saw the tall
man run away. Thats it. He ran in the direction of some Apartments.

## CLOSING ARGUMENT PAGE 736 lines 5-25 page 737 lines 1-4

Mr. Hinton; From the evidence that you've heard in this case, it would
be up to you to point out the law in this case, when it talks about corrobor-
ation, it says that mere presence of the defendant with an Accomplice shortly
before or shortly after the commission of a crime is not sufficient corrobor-
ation. And the corroboration is not sufficient if it merely shows the
commission of the offense, BUT IT MUST TEND TO CONNECT THE DEFENDANT WITH
IT"S COMMISSION. So even if there is one person who tends to believe that
perhaps Ms. Johnson did make an acceptable identification of Leonard Kitt,
it's up to the rest of ya'll to point out to that person what the law is, and
to remind them that Sonya Johnson said that the tall man, who she thinks
is Leonard Kitt, although we dispute it, had nothing to do with the robbery.
He didn't--she did not see him rob anyone. SO CORROBORATION BY SONYA JOHNSON
IS NOT THERE BECAUSE SHE SAID HE DIDN"T ROB ANYONE. Then she didn't connect
the defendant with the commission of the offense. There's no corroboration
by Sonya Johnson.

The State has once again failed to sustain it's burden of proof on the
"Essential Elements" of the offense of Capitol Murder. Because the testimony
of Sonya Johnson in no way tends to connect the defendant with the offense.

## OPENING STATEMENT OF PROSECUTION PAGE 6 lines 2-14

You will hear that approximately mid morning three men showed up at that
store. MR. Yi was in the store, and Mr. Shin, an employee of his was in the
store as well.

13.

The three men went to a bus stop. They entered the store. A very violent robbery took place inside the store. Money was taken. Mr. Yi's car keys were taken. The three men left the store, were in the process of taking Mr. Yi's car when he exited the store and began to shoot at the three men.

## OPENING STATEMENT PAGE 7 lines 11-15

A lady named Sonya Johnson that was at the bus stop will tell you that she saw much of what occured. SHE WILL IDENTIFY THE DEFENDANT AS ONE OF THE THREE ROBBERS, and they were all distinctive to her.

note; Sonya Johnson never connected the defendant Leonard Kitt with the offense.

## SONYA JOHNSON TESTIMONY S.F. TRIAL PAGE 208 lines 17-20

Q. Did you see more than two people that were involved in the situation, the two black men? Did you see more than two black men around the car?

A. No just two of them.

note: Sonya Johnson does not connect the defendant in any way to the offense committed. The Prosecutions Opening Statement page 7 stated "She will identify the defendant as one of the three robbers". Ms. Johnson did not do that.

Note; Therefore based on Sonya Johnson's testimony, the State has failed to sustain it's burden of proof on the "Essential Elements" of the Offense of Capitol Murder.

## TRIAL WITNESS PIL SELM SHIN PRE-TRIAL TESTIMONY PAGE 57 lines 2-8

Q. And see if you see one of the men in the courtroom today that you saw during the robbery?

A. I'm not sure. This happened a long time ago, however--

Q. However what?

A. That man looks similar, but I am not sure because all Americans look alike.

Note; This testimony was during Pre-Trial, and was spoken of by the Prosecution in the Opening Statement (page 7 lines 16-21) "A man named In Su Yi--pardon me --Mr. Shin, a Korean store clerk will identify the defendant in a more tentative manner". The testimony of Mr. Shin, cannot be considered an identification, he clearly states on page 70 lines 19-20 of the Pre-Trial testimony;

Q. You can't say thats the right man?

A. Thats right.

So we see that Mr. Shin stated very clearly that he can't say thats the right man. Furthermore Mr. Shin did not even want to testify as is shown by his testimony in;

**TRIAL STATEMENT OF FACTS MR. SHIN PAGES 149 lines 2-25, page 150 lines 1-9**

Q. And you are currently in the Harris County Jail because you didn't want to cooperate with the legal process.

A. That is my understanding.

Q. And you were placed in the jail by virtue of a Court Order?

A. That I don't know.

Q. You didn't want to testify initially, did you?

A. Yes. (sic)

Q. As far as the robbers that you saw out there on August 3, 1992, do you see anyone here in the courtroom today that looks similar to one of those robbers, and if you would take your time and look around the courtroom? Do you recognize anyone here as being one of the robbers that day?

A. It was such a long time since the incident, and I was in shock at the time, and people look all alike. I cannot say for sure, but there must be some that look very like the one. (sic)

Q. I'm sorry. I couldn't understand the last phrase.

   INTERPRETER: There is one like them.

Q. There is one like them? And where is that person seated?

A. The one in the suit looks like him, but I'm not for sure. I would not be able to say for certainty.

Q. Could you describe, please, where that person is sitting and describe their clothing.

A. He is dressed in suit. (sic)

Q. Describe something else and point to him?

A. The tie with the stripe.

Q. And what's the person's race?

A. Black person.

15.

Mr. Hawkins; Your Honor, may the record reflect the witness has identified
the defendant.

This testimony was not a postive identification. As stated in the Pre-
Trial Testimony of Mr. Shin (page 70 lines 19-20);

Q. You can't say thats the right man?

A. That's right.

The Trial Testimony clearly shows (lines 1-2 of page 150) that Mr. Shin
cannot be sure, and would not be able to say for certainty. Yet Mr. Hawkins
alleges the witness has identified the defendant, as if it's a postive
identification, and it is not.

This Non-Accomplice witness has not given any evidence that would tend
to connect Leonard Wayne Kitt with the offense. And therefore the State
has failed to sustain it's burden of proof on the "Essential Elements" of
the offense of Capitol Murder.

## BILLY WAYNE VANN, ACCOMPLICE WITNESS

TEXAS CODE OF CRIMINAL PROCEDURE ARTICLE 38.14 "A conviction cannot
be had upon the testimony of an accomplice unless corroborated by other
evidence tending to connect the defendant with the offense committed; and
the corroboration is not sufficient if it merely shows the commission of
the offense".

Now we have heard from the witnesses that Prosecutor Mr. Hawkins stated
in his opening statement page 7 " A lady named Sonya Johnson that was at
the bus stop will tell you that she saw much of what occured. She WILL
IDENTIFY THE DEFENDANT AS ONE OF THE ROBBERS"... Mrs. Johnson clearly did
not identify Leonard Kitt as one of the robbers.

"Mr. Shin a Korean store clerk will identify the defendant in a more
tentative manner. He is Korean. All Americans look alike. Black people are
even more difficult for him to identify".

"Based upon that evidence, corroborating Mr. Vann's testimony, I'm going
to ask you to find the defendant guilty of capitol murder".

None of the two Non-Accomplice Witnesses testimony's connects the defendant
Leonard Wayne Kitt to the offense, and therefore the testimony of Billy Wayne
Vann alone cannot sustain a conviction.

An accomplice witness is a discredited witness (cites ommitted) because
his or her testimony alone cannot furnish the basis for the conviction (cites
ommitted). No matter how complete a case may be made out by an accomplice
witness or witnesses, a conviction is not permitted unless he or they are
corroboated (Walker v. State 615 S.W. 2d 728 at 731).

16.

a result of the defendant's illegal and unreasonable arrest.

WHEREFORE, defendant prays this motion be granted.

Respectfully submitted,

KEN GOODE
6420 Richmond, Suite 490
Houston, Texas   77057
(713)   266-0335
STATE BAR NO. 08143200

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the fore-
going was delivered to all counsel of record this 29 day of
_____Dec._____, 1992.

KEN GOODE

## O R D E R

BE IT REMEMBERED that on this day the foregoing motion
was GRANTED/DENIED;

SIGNED this _____day of _____, 199_.

_____
JUDGE PRESIDING

As for Corroboration on the Federal level see Aguilar v. Texas 378 U.S. 108, Spinelli v. United States 393 U.S. 410, and Illinois v. Gates 462 U.S. 213.

There is no evidence to support the Juries finding of guilt in this case.

In the absence of, and on the outside of the testimony of the accomplice witness Billy Wayne Vann, <u>there's no evidence to prove beyond a reasonable doubt that</u>, defendant (leonard Kitt) robbed or murdered, the Complainant as charged in the indictment.

By a preponderance of the evidence, but for a violation of the United States Constitution Fourteenth Amendment was violated where in the absence of, and on the outside of the testimony of the accomplice witness, there was no evidence to establish beyond a reasonable doubt all of the <u>ESSENTIAL ELEMENTS</u> of the offense of <u>Capitol Murder</u> as charged in the indictment.

Therefore the State has failed to sustain it's burden of proof on the "Essential Elements" of the offense of Capitol Murder.

Applicant Leonard Wayne Kitt is incarcarated in violation of the United States Constitution, because "No rational trier of fact could have found all the "Essential Elements" of the crime beyond a Reasonable Doubt, from the evidence submitted.

## INEFFECTIVE ASSISTANCE OF COUNSEL, AT TRIAL, AND ON APPEAL

The trial counsel failed to preserve error at trial that Leonard Wayne Kitt was arrested without a valid complaint/Affidavit. This violated both the 4th and the 6th Amendment of the Bill of Rights as contained in the United States Constitution. The use of an informants information in forming an Affidavit of Complaint, when the Informant has a track record, is considered unreliable under Aguilar v. Texas 378 U.S. 108. The two prong test outlined in Aguilar supra; was never used by the State District Court, when an objection was made in Pre-Trial on the Affidavit, and the Warrant for Arrest. See Affidavit attached. This Affidavit, Warrant, and the Objection made by trial counsel at Pre-Trial all show that Leonard Kitt's Constitutional rights were violated by;
   a. The Affidavit failed to particularly describe Leonard Kitt, the only description given did not fit Leonard Kitt. The name "Wayne" is not enough for an officer to be able to go to Leonard Kitt's arrest record. Furthermore Kitt at the time, had a very distinguished mustache, meaning that he had facial hair. The name "Wayne" could have belonged to thousands of people who had no facial hair. But Leonard Kitt had facial hair (for 15 years, see closing argument page 743 1-15), and therefore could not have been the "Wayne" described in the Affidavit.
   b. Neither the Affidavit, or the Arrest Warrant are signed. This means they are not sworn to, and therefore the Affidavit, and the Warrant are invalid.

"A complaint that has not been sworn to by a Complainant is of no effect
and will not support a prosecution based on an information; See Colbert
v. State 166 Tex. Crim. 431, 314 S.W. 2d 602. Trial Counsel's failure to
object to these errors was a rendering of Ineffective Assistance of Counsel
at the time of trial.

   c. Trial Counsels failure to object to the Affidavit not showing Probable
Cause was a rendering of Ineffective Assistance of Counsel.

   d. Trial Counsels failure to object to the Affidavit not particularly
describing the defendant, was a rendering of Ineffective Assistance of
Counsel.

   e. Counsel filed a Motion to Suppress Evidence in a Pre-Trial Hearing
based on a U.S. Constitutional 4th Amendment violation. Trial Counsel
then abandoned the 4th Amendment violation, both a Trial, and on Direct
Appeal. Leonard Kitt Affiant herein tends to the Court that when Trial
Counsel abandoned the 4th Amendment violation, that was and is INEFFECTIVE
ASSISTANCE OF COUNSEL, in violation of the 6th Amendment of the United
States Constitution. If a defendants Fourth Amendment claim is lost in
state courts because counsel was ineffective in presenting it, then the
ineffective assistance of counsel is a seperate constitutional violation.
Unlike a violation of the Fourth Amendment, a violation of the standards
of effective assistance of counsel is cognizable in Habeas Proceedings,
see Kimmelman v. Morrison 477 U.S. 365. Yet the State has cited Kitt
for Writ abuse each time he attempts to bring the 4th Amendment claim through
habeas.

   f. Trial Counsel failed to preserve error on the validity of the warrant-
less arrest. The Warrant was not valid first because the Affidavit of L.S.
Ott did not show Probable Cause, and secondly because a particular description
was not given, and lastly because it was not signed. The only description
given in the Affidavit is the name "Wayne". It is this description that L.S.
Ott claims to have used to enable him to go to the arrest record of Leonard
Wayne Kitt. This is not possible to do.

   g. Leonard Kitt recieved Ineffective Assistance of Counsel when Trial
Counsel failed to argue the Proffesional Rule of conduct rule 1.06 article
1, section nine, and Canon 2 (a) and Canon 3 B. 2 "A judge shall comply
with the law and should act at all times in a manner that promotes public
confidence in the integrity and impartiality of the judiciary".

   h. Trial Counsel failed to argue, and preserve error with regards to the
lack of corroboration of the accomplice witness testimony, and the State's
failure to produce sufficient evidence. Billy Vann an Accomplice Witness
testified at trial, his testimony was never corroborated, and therefore
cannot be considered. Texas Criminal Code of Procedure art. 38.14 "A conviction
cannot be had upon the testimony of an accomplice unless corroborated by
other evidence tending to connect the defendant with the offense committed".
Neither Sonya Johnson, nor Pil Shin corroborated Billy Vann's testimony. And
though there were other witnesses at trial (a total of 12, ten of whom could
not identify Kitt at all, and then Sonya Johnson and Pil Shin, who did not
connect Kitt to the Offense). See pages 731-32 of Closing Argument.

   i. Trial Counsel was ineffective when he failed to preserve error on the
Reasonable Doubt standard, that no rational trier of fact (juror) could have
found from the evidence every element of the offense beyond a REASONABLE
DOUBT.

j. Leonard Wayne Kitt recieved Ineffective Assistance of Counsel on Direct Appeal when Appellate Counsel failed to argue that Kitt was illegally arrested without a valid Complaint. See Kimmelman v. Morrison supra;

k. Kitt recieved Ineffective Assistance of Counsel when Appellate Counsel failed to argue that Kitt was arrested without a valid Arrest Warrant. Kitt's trial counsel and appellate counsel are one and the same. Appellate counsel was aware of the Motion to Suppress filed at Pre-trial based on the Fourth Amendment violation, to abandon that error was Ineffective Assistance of Counsel, and violated the Supreme Court's holding in Stone v. Powell 428 U.S. 465.

l. Leonard Wayne Kitt recieved Ineffective Assistance of Counsel on direct appeal, when appellate counsel failed to argue that the evidence was insufficient to prove beyond a reasonable doubt that Kitt committed murder in the course of a robbery, as charged in the indictment.

m. Kitt recieved Ineffective Assistance of Counsel when Appellate Counsel failed to argue on Appeal that there was no evidence to support the jury's verdict of guilt, as raised in the Motion for Instructed Verdict on page 537 of the Statement of Facts, where trial counsel states "In the absence of Mr. Vann's testimony, there's absolutely no evidence that tends to connect Mr. Kitt to any criminal activity in this case." This also violated the U.S. Supreme Court's holdings in Jackson v. Virginia supra; on reasonable doubt. Ineffective Assistance of Counsel is a violation of Leonard Wayne Kitts Constitutional rights as found by the U.S. Supreme Court in Cuyler v. Sullivan 446 U.S. 335, and Strickland v. Washington 466 U.S. 668. The representation has fallen below an objective standard of reasonable-ness and counsel's representation prejudiced Kitt by (1) loosing the 4th Amendment claim in state court, (2) the failing of following through on the no evidence claim raised in the Instructed verdict, and (3) when Appellate Counsel failed to argue that according to art. 38.14 of Tex. Crim. Code of Proc. the evidence was legally insufficient.

n. Appellate Counsel was Ineffective when he failed to argue that the trial court erred when it denied the Trial Counsel's Motion for Instructed Verdict.

All of the above facts are stated to prove that Leonard Wayne Kitt's Constitutional Rights have been violated, and that these violations taken together are separately prove that there was and is a Conspiracy of the Trial Officials to deny the Constitutional Rights of Leonard Kitt. The fact that the Trial Counsel, which was appointed by the Court, was also appointed to Represent Leonard Kitt on Appeal, proves the conspiracy, The fact that both at trial, and appeal these attorney's were grossly ineffective, shows the reasons why the Court was so enthusiastic about seeing these attorneys represent Kitt. The Court Judge McSpadden knew they would not help Kitt beat his case.

"it is everywhere agreed that the prosecution has the burden of proving each of the various elements of the offense in both burden of proof senses

19.

it must; to avoid a directed verdict of acquittal, produce evidence
of each element; and it must to secure a conviction convince the
trier of fact of the existance of each element beyond a reasonable
doubt; (see Anderson v. State 35 Ala. 557 51 SO. 2d 257 [1951] cert
den.).

The state in this case, has failed to prove each of the various
elements of the offense beyond a reasonable doubt. Therefore Kitts
U.S. Constitutional Right to Due process has been violated. "Due
Process Clause requires the goverment to prove beyond a reasonable
doubt every element of the crime with which a defendant is charged.
If the goverment fails to sustain it's burden of proof on any element
the <u>defendant must be acquitted</u>". (see In Re Winship 397 U.S. 358, 364).

After discounting the accomplice witness testimony of Billy Vann the
record clearly reveals that the Non-Accomplice Witness Testimony of
Prosecution Witness Sonya Johnson, and Pil Shin, <u>do not indicate possession
of or control over In Su Yi property by the tall man namely his car keys,
money, or car that was unlawfully taken from him.</u>

After discounting the accomplice witness testimony of Billy Vann the
record clearly reveals <u>no Non-Accomplice evidence of an incriminating
character that tends to connect the tall man with the offense</u>, that the
tall man was involved in, or connected with the shooting and intentional
killing of the store owner In Su Yi.

Therefore no rational trier of fact could have found the Applicant
(the tall man) guilty <u>beyond a reasonable doubt of all of the essential
elements of the offense of Capitol Murder as charged in the indictment.</u>

The burden upon the prosecution of proving guilt beyond a reasonable
doubt applies not only to the crime charged, but also to the defendants
identity, and each must be proved separately, and distinctly beyond
a reasonable doubt, (see In Re Winship 397 U.S. 358, 364 (1970) and
U.S. V. Barber 442 F2d 517 [1971]).

Identity was not proven beyond a reasonable doubt in this case. Clearly
Mr. Shin has said "I can't say thats the right man" (see page 14 of this
Affidavit). Sonya Johnson described a man at the scene of the crime, with
light skin, and no facial hair. Yet we know from the record, that Leonard
Kitts has had a mustache for 15 years, and by his own admission, he is not
a light skinned black man. The Affidavit of L.S. Ott, where Demetrius
Turner describes someone named "Wayne" even states that "Wayne" has no
facial hair. But of course Demetrius Turner is an unreliable source because
of his criminal record. But Sonya Johnson and Demetrius Turner do agree on
the fact of no facial hair.

20.

"Where there is no evidence whatsoever in support of key element of offense, error is fundamental, and thus specific ground does not have to be raised, and court must review matter as unassigned error." See Cruz v. State 629 S.W. 2d 852.

The error of no evidence was raised and the court refused to grant the writ, in fact Judge Michael McSpadden recommended to the Court of Criminal Appeals that the Writ be dismissed as Writ abuse. But see Writ B in Cause No. 643412 in the 209th District Court of Harris County, pages 103 "The prosecution of the instant case simply adduced no evidence to establish beyond a reasonable doubt all of the essential elements of the felony offense of Capitol Murder as charged in the indictment". Also page 107, 110 (3), (5), 111 (6) (7) (8) (9), 112 (10) (11) (12) (13), 113 (14) (15) , 114 (18) and page 97 "By a preponderance of the evidence but for a violation of the United States Constitution, Applicants due process right...under the fourteenth amendment to the United States Constitution were violated where, in the absence and on the outside of the testimony of the accomplice witness, THERE WAS NO EVIDENCE TO ESTABLISH BEYOND A REASONABLE DOUBT ALL OF THE ESSENTIAL ELEMENTS OF THE FELONY OFFENSE OF CAPITOL MURDER AS CHARGED IN THE INDICTMENT". Also see Jackson v. Virginia 443 U.S. 307.

The error of no evidence was clearly raised in Writ b, and the District Court refused to hear the Writ.

AS A MATTER OF LAW

In order to sustain the conviction for Capitol Murder in this instant case, it was incumbent upon the State pursuant to the provisions of the Texas Penal Code Ann. 19.03 (A) (2) to prove beyond a reasonable doubt that:

1. The defendant

2. Intentionally

3. Caused the death of In Su Yi;

4. While in the course of committing and attempting to committ the robbery of In Su Yi.

The State was required to prove beyond a reasonable doubt, that the defendant "Intentionally" killed the decedent, In Su Yi, and that prior to; or during the murder, defendant had the requisite intent to obtain, or maintain control of the decedent's In Su Yi's property, (see Cordova v. Lynaugh 838 F.2d 764 5th Circuit, and Cruz v. State 629 S.W. 2d 852).

The State has failed to sustain it's burden of proof on the essential elements of the Offense of Capitol Murder, and this is clearly shown in the records.

With the above principles and supporting case law in mind, Leonard
Kitt contends that, "No evidence was adduced by the prosecution to
sustain it's burden of proof on the "Essential Elements of the offense
as charged in the indictment.

The Accomplice witness testimony of Billy Wayne Vann was insufficiently
corroborated so as not to satisfy the requirements of the Accomplice
witness statute (Tx. Crim. Code of Proc. art. 38.14), that the evidence
must tend to connect the defendant with the offense committed, and it
does show the following;

1. Outside of the testimony of the Accomplice witness Billy Wayne Vann,
   the Non-Accomplice Witness-Testimony of Prosecution's witness Sonya
   Johnson and Pil Shin do not indicate possession of or control over
   In Su Yi's property by Leonard Wayne Kitt, namely his car keys, money
   or car, that was unlawfully taken from him. Therefore no evidence was
   introduced by the Prosecution to sustain it's burden of proof on the
   essential elements of Capitol murder as charged in the indictment.

2. After discounting the Accomplice witness testimony of Billy Wayne Vann,
   trial record statements of facts clearly reflects "No non-accomplice
   evidence of an incriminating character that tends to connect the
   defendant Leonard Kitt with the offense, That he was involved in or
   connected with the shooting and intentional killing of the store owner
   In Su Yi. Therefore no evidence was introduced by the Prosecution to
   sustain it's burden of proof on the essential elements of Capitol Murder
   as charged in the indictment.

3. Outside of the testimony of the Accomplice witness Billy Wayne Vann,
   there is no Non-Accomplice evidence of an incriminating character that
   tends to connect the defendant Leonard Kitt with the offense that he
   acted as a party to the commission of theft, therefore NO EVIDENCE WAS
   INTRODUCED BY THE PROSECUTION TO SUSTAIN IT"S BURDEN OF PROOF ON THE
   ESSENTIAL ELEMENTS OF CAPITOL MURDER AS CHARGED IN THE INDICTMENT.

4. Outside of the Accomplice witness testimony Billy Vann, there is no
   Non-Accomplice evidence of an incriminating character that tends to
   connect Leonard Kitt with the offense that he acted as a party to the
   shooting and intentional killing of the store owner, therefore, NO
   EVIDENCE WAS INTRODUCED BY THE PROSECUTION TO SUSTAIN IT"S BURDEN OF
   PROOF ON THE ESSENTIAL ELEMENTS OF CAPITOL MURDER AS CHARGED IN THE
   INDICTMENT.

5. In the absence of, and on the outside of the testimony of the
   Accomplice witness Billy Vann's testimony, there is no Non-Accomplice
   evidence of an incriminating character that tends to connect or prove
   that Leonard Kitt used or exhibited anything manifestly designed, made,
   or adapted for the purpose of inflicting death or serious bodily injury;
   or anything that in the manner of it's use or intended use is capable
   of causing death or serious bodily injury. Therefore NO EVIDENCE WAS
   INTRODUCED BY THE PROSECUTION TO SUSTAIN IT"S BURDEN OF PROOF ON THE
   ESSENTIAL ELEMENTS OF CAPITOL MURDER AS CHARGED IN THE INDICTMENT.

6. In the abscence of, and on the outside of the testimony of the
Accomplice witness Billy Vann, there is no Non-Accomplice evidence
of an incriminating character that tends to connect or prove beyond
a reasonable doubt that Leonard Kitt entered into an agreement or
a conspiracy to rob, and intentionally kill the store owner In Su Vi.
Therefore NO EVIDENCE WAS INTRODUCED BY THE PROSECUTION TO SUSTAIN IT"S
BURDEN OF PROOF ON THE ESSENTIAL ELEMENTS OF CAPITOL MURDER AS CHARGED
IN THE INDICTMENT.

7. In the abscence of, and on the outside of the testimony of the
accomplice witness Billy Wayne Vann, trial record Statement of Facts
clearly reflects "No Non-Accomplice evidence of an incriminating
character that tends to connect Leonard Kitt with the offense, that
he acted intentionally, or with intent, with respect to a result of
his conduct when it was his conscience objective or desire to cause
the result. Therefore, NO EVIDENCE WAS INTRODUCED BY THE PROSECUTION
TO SUSTAIN IT"S BURDEN OF PROOF ON THE ESSENTIAL ELEMENTS OF CAPITOL
MURDER AS CHARGED IN THE INDICTMENT.

8. In the abscence of, and on the outside of the testimony of the Accomplice
witness Billy Wayne Vann, there is no Non-Accomplice evidence of an
incriminating character to demonstrate  beyond a Reasonable Doubt, that
Leonard Kitt, while Demetrius Turner, and Billy Vann was in the course
of committing theft and with the intent to obtain, and maintain control
of the property of In Su Vi, namely his car, car keys, or money, That
Leonard Kitt solicited, encouraged, directed, aided, or attempted to
aid, Demetrius Turner and/or Billy Vann in shooting In Su Vi. Therefore
NO EVIDENCE WAS INTRODUCED BY THE PROSECUTION TO SUSTAIN IT"S BURDEN
OF PROOF ON THE ESSENTIAL ELEMENTS OF CAPITOL MURDER AS CHARGED IN
THE INDICTMENT.

## JURY"S VERDICT

A Jury's verdict must be supported by evidence proving beyond a reasonable
doubt every element of the offense of which a defendant is convicted, (see
In Re Winship supra, and Jackson v. Virginia'supra).

In this case the Jury's Verdict is not supported by any evidence proving
beyond a reasonable doubt every element of the offense of Capitol Murder. Not'
one element is proven in fact, therefore No trier of fact could have found
the defendant Leonard Kitt guilty beyond a reasonable doubt of all the essential
elements of the offense of Capitol Murder as charged in the indictment.

## IDENTIFICATION

L.S. Ott (Homocide Detective) "Affiant spoke to Mr. (Demetrius) Turner after
he had been given his miranda warnings from a Magistrate, and Mr. Turner told
affiant that on August 3, 1992, he and his brother Billy Wayne Vann, and another
black male by the name of "Wayne" whom he described as being a black male,
approximately 32 years of age, medium build, dark complected, AND HAVING NO
FACIAL HAIR, planned to rob...Mr. Turner further told affiant that "Wayne"
got out of the vehicle and shot the store owner". (Contained in Affidavit
of L.S. Ott).

23.

The description given above by Demetrius Turner a known felon, cannot
be considered reliable. Yet L.S. Ott claims to have used this information
to go to Leonard Kitt's arrest records, even Leonard Kitt does not fit
the description given. Leonard Kitt is not, and was not light complected,
furthermore Leonard Kitt has had a mustache for the previous 15 years at
the time of his arrest, and his mug shot will show. His build is not a
medium build, and his age was not at that time 32 years of age. Leonard Kitt
was 38 years old at the time of the arrest.

L.S. Ott Affidavit continued; "Affiant continued his investigation and
developed Leonard Wayne Kitt date of birth 9-29-55 as a suspect in this
case as being the person described above as "Wayne" above. Affiant checked
the arrest records for Mr. Kitt and found that Mr. Kitt fits the same general
description as the person listed as "Wayne" above".

"Affiant spoke to Robert White, a credible and reliable person with no
known criminal record who told affiant that on August 3, 1992, he was in
the parking lot where the murder of Mr. Yi occured. Affiant showed Mr.
White a photospread containing a known photograph of Leonard Wayne Kitt
and MR. White made a strong tentative identification of Mr. Kitt as the
person who shot and killed Mr. Yi on August 3, 1992".

1. L.S. Ott could not develope Leonard Wayne Kitt from the name "Wayne"
   as given by Demetrius Turner.

2. Demetrius Turner is an unreliable informant because of his track record,
   therefore L.S. Ott could not rely on his statements.

3. Robert White who supposedly identified Leonard Kitt in a photospread.
   Did not identify Leonard Kitt at trial, and in fact did not even come
   to the trial. The only person who could have connected Leonard Kitt
   to the crime was not ordered by the Court to appear, strange? Perhaps
   this Mr. White was created as an afterthought of L.S. Ott, and that is
   why none of these documents Affidavit, or Warrant were sworn to.

4. When the Affidavit is compared to the description of the person arrested,
   the two are clearly not the same person. One person is described in the
   Affidavit, and another person Kitt, who does not fit the Affidavits
   description has been arrested.

## SONYA JOHNSON"S DESCRIPTION

PRE-TRIAL PAGE 26 lines 2-3

Q. What did you see?

A. The tallest man had big eyes.

page 30 Pre-Trial lines 6-25

Q. After looking at these pictures did you identify someone?

24.

A. Yes I did.

Q. And which person did you identify?

A. Number 3.

Q. Number 3?

A. Yes.

Q. Okay after that did you also sign to indicate that you had identified person number 3?

A. Yes.

Q. I believe it was Sgt. (L.) (S.) Ott that showed you the pictures?

A. Yes.

Q. And would that have been close to August 18th of last year around 9;00 oclock in the morning out at your house?

A. Yes Sir.

Q. Okay, Now the man you've identified in the number three position of the three men, the short one that talked to you, and the one with the Black scarf and the bulge, and the tallest one with the eyes, the bigger eyes, which one was the man number 3 position have been?

A. The tall one.

Q. Now as far as the person depicted in State's exhibit Number 3, (sic) was there anything about the person depicted in the picture that was a little bit different, than when you had seen them out there the day of the robbery on August 3rd?

A. I don't remember the mustache.

   The Court; Okay, a little bit louder please.

A. I don't remember the mustache, because the picture, the height, I wasn't sure.

Q. Okay fine.

   Mr. Hinton; Excuse me, Judge, I just didn't hear.

   The Court; Okay, You need to speak into the microphone. Everybody has to hear your testimony. One more time, what was different from the time you initially saw the person--from the time you saw the photograph, what was different on the person?

                              25.

Witness; The mustache and the height, you know, because of--the short-
the picture I seen, I didn't know if it was the correct height or not.
(lines 1-6 page 32 PRe-Trial).

Page 38 lines 5-21 PRe-Trial Testimony of Sonya Johnson,

Q. Ma'm your photospread identification where you picked number three
   back in August of 1992, if I might ask you on a scale of 1 to 10, how
   postive you were when you made that identiftcation, where would you
   put your degree of positiveness at from 1 to 10 on a scale?

   The Court; With 10 being what?

   Mr. Hinton; 10 being the most positive you could be and 1 being the
least positive?

A. 7.

Q. Well, you weren't 100% positive in your identification, is that correct?

A. I wasn't 100% what?

Q. In your identification, you wouldn't characterize it as you were 100%--

A. 100% positive, No. I'm not a 100% positive sir.

   This witness admits she is not making a 100% positive identification. She
admits on a scale of 1 to 10, she is only a 7 in regards to identification.

Page 40 of the Pre-Trial Testimony of Sonya Johnson lines 8-14

Q. But you never told those police officers, I'm positive thats the man,
   did you?

A. I can't--no. I don't remember saying that I was positive. I don't remember
   saying that.

Q. You never even said that's the man, did you, on the video?

A. No, I did not. I didn't say that.

Page 43 of Pre-Trial Testimony lines 3-6

Q. How about his build?

A. Slim.

Q. Facial Hair?

A. none.

   Again we see the no facial hair description, and to say that Leonard
Kitt is slim, does not fit his description either. Sonya Johnson cannot
be said to have positively identified Leonard Kitt as being the tall man

26.

who participated in the offense. See pages 46 lines 8-12 and page 47 lines 10-12;

Q. On one video you made an identification of the man you see in the courtroom here today, is that correct?

A. I made the identification from the photos that was shown to me.

This clearly shows that Sonya Johnson is identifying Leonard Kitt not because of her seeing him at the scene, but from the photos that were shown to her by L.S. Ott.

Q. So all the videos you were shown, you did not make an identification from either one?

A. No I did not.

No identification was made from the videos. But Sonya Johnson's statement from page 46 lines 8-12 of the Pre-Trial testimony clearly shows, proves how Mrs. Johnson was able to make an identification, it was from the photos, not the scene of the crime.

Pre-Trial Testimony of Mr. Shin on identification  pages 70 lines 12-25

Q. Sir, the man in the courtroom today, he has never threatened you about your coming to court, and testifying, has he?

A. Well, I can't recall. I cannot remember. All I can say to you is that he looks alike to the man who pointed the gun to me. I cannot say that, Yes, that's the right man.

Q. You can't say that's the right man?

A. That's right.

So we can see clearly that MR. Shin never made an identification of Mr. Kitt."I cannot say that is the right man" amounts to no identification.

Now these three witnesses; (1) Demetrius Turner, (2) Sonya Johnson, and (3) Pil Shin, all have very particular descriptions of the robbers. The problem is none of their descriptions given of the Tall Man, or the man named "Wayne" fits Leonard Kitt. Both Demetrius Turner, and Sonya Johnson, state the tall man was light complected, and had no facial hair. This does not describe Leonard Kitt, and his mug shot at the time of arrest will reflect that.

CONSTITUTIONAL RIGHTS VIOLATED

Leonard Kitt hereby states that the District Judge, Michael McSpadden, the District Attorney's Dan Rizzo, and Bill Hawkins, the Houston

Homocide Detective L.S. Ott, and Harris County District Judge Bacon, as well Defense Attorney's Ken Goode (6420 Richmond Suite 490 Houston Texas 77057) and Charles Hinton, have conspired together to violate Leonard Wayne Kitt's U.S. Constitutional Rights as guaranteed under the 4th, 6th, 8th, and the 14th Amendment of the United States Constitution. IT is because of these violations that Leonard Kitt is seeking the filing of Federal Criminal Charges under U.S. Criminal Code Title 18 § 241 and 242.

I Leonard Wayne Kitt #655955 declare under the penalty of perjury that the foregoing facts are true and correct to the best of my knowledge, and understanding.

signed on date; ___10 - 7 - 02___

Respectfully submitted,

Leonard Wayne Kitt #655955
P.O. Box 4500
Tennessee Colony Texas 75886

THE STATE OF TEXAS

                              AFFIDAVIT FOR ARREST WARRANT

HARRIS COUNTY, TEXAS

I, L.S. Ott, employed as a peace officer with the Houston Police
Department, assigned to the Homicide Division, do solemnly swear
that I have reason to believe and do believe that Leonard Wayne
Kitt, date of birth 9-25-55, did, in Harris County, Texas, on or
about August 3, 1992, intentionally and knowingly committed the
felony offense of capital murder.

MY BELIEF IS BASED UPON THE FOLLOWING FACTS:

Affiant, L.S. Ott, a Houston Police Officer assigned to the
Homicide Division arrived at 10017 West Montgomery in Houston,
Harris County, Texas on August 3, 1992, and found a person affiant
later came to know by sight and by name as In Su Yi lying in the
parking lot of his business with apparent gunshot wounds to his
body and deceased.

Affiant spoke to Zelda Robbins, a clerk with the Harris County
Medical Examiner's Office who read the autopsy report of In Su Yi
and told affiant that the report stated that Mr. Yi died as a
result of a gunshot wound.

Affiant spoke to Jackie Manning, a credible and reliable person
with no known criminal record who told affiant that on August 3,
1992, she arrived in the parking lot at 10017 West Montgomery when
she saw Mr. Yi, a person she knew by sight and by name as the owner
of a grocery store at the above location, in a gun fight with three
black males and saw Mr. Yi get shot and die in the parking lot.
Ms. Manning stated that one of the black males was shot during the
gun fight. Ms. Manning also told affiant that on August 3, 1992,
she saw a person affiant later came to know by sight and by name
as Demetrus Ray Turner on TV as he was being taken to the hospital
for gunshot wounds. Ms. Manning told affiant that Mr. Turner was
one of the black males that she described above as being involved
in the gun fight.

Affiant spoke to G.J. Ebers, a Houston Police Officer who told
affiant on August 3, 1992, he arrested a person he later came to
know as Demetrus Ray Turner after Mr. Turner called the police
claiming he had been shot while being a victim of a robbery and
after Mr. Turner gave conflicting accounts of the shooting he was
involved in.

Affiant spoke to Sgt. Novak, a Houston Police Homicide Detective

RECORDER'S MEMORANDUM
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

3433  1836          0000  000



who told affiant that he took Mr. Turner before a Harris County Magistrate and that August 3, 1992, Mr. Turner was given his legal Miranda warnings.

Affiant spoke to Mr. Turner after he had been given his Miranda warnings from a Magistrate, and Mr Turner told affiant that on August 3, 1992, he and his brother Billy Wayne Vann, and another black male by the name of "Wayne" whom he described as being a black male, approximately 32 years of age, medium build, dark complected, and having no facial hair, planned to rob the business at 10017 West Montgomery, Houston, Texas, and did rob the store using guns. Mr. Turner told affiant that they also stole the store owner's vehicle and were in the process of leaving the location when the store owner came out of the store shooting at the vehicle that the three of them were in. Mr. Turner further told affiant that "Wayne" got out of the vehicle and shot the store owner. Mr. Turner also told affiant he was shot three times during the gun battle.

Affiant continued his investigation and developed Leonard Wayne Kitt, date of birth 9-29-55 as a suspect in this case as being the person described as "Wayne" above. Affiant checked the arrest records for Mr. Kitt and found that Mr. Kitt fits the same general description as the person listed as "Wayne" above.

Affiant spoke to Robert White, a credible and reliable person with no known criminal record who told affiant that on August 3, 1992, he was in the parking lot where the murder of Mr. Yi occurred. Affiant showed Mr. White a photospread containing a known photograph of Leonard Wayne Kitt, and Mr. White made a strong tentative identification of Mr. Kitt as the person who shot and killed Mr. Yi on August 3, 1992.

AGAINST THE PEACE AND DIGNITY OF THE STATE

_____
L.S. OTT, AFFIANT

Sworn to and Subscribed before me on this the ____ day of _____, 1992, A.D., at _____ o'clock ___.M.

RECORDERS MEMORANDUM
This instrument is of poor quality
and not satisfactory for photographic
recordation and/or alterations were
present at the time of filming.

_____
JUDGE PRESIDING
District Court
Harris County, Texas

3433 - 1837        0000 000

EXHIBIT
#



THE STATE OF TEXAS                    $    ARREST

COUNTY OF HARRIS                      $    WARRANT

TO THE SHERIFF OR ANY PEACE OFFICER OF HARRIS COUNTY, TEXAS

G R E E T I N G S:

WHEREAS, Complaint in writing, under oath, has been made before me by L.S.Ott, a peace officer employed by the Houston Police Department, assigned to the Homicide Division, which complaint is attached hereto and expressly made a part hereof, stating facts and information in my opinion sufficient to establish probable cause for the issuance of this warrant.

NOW THEREFORE, you are commanded to arrest and bring before me Leonard Wayne Kitt, date of birth 9-29-55, described and accused in said affidavit for the offense of Capital Murder.

HEREIN FAIL NOT, but you have this warrant which you must execute then shall you return the same to me showing the manner whereby you have executed this writ.

WITNESS MY SIGNATURE on this the ____ day of _____, 1992 at _____ o'clock ___.M.

```
_____
MAGISTRATE, HARRIS COUNTY
JUDICIAL DISTRICT COURT
```

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

3433  1835          0000  0000



THE STATE OF TEXAS          §          RETURN AND INVENTORY
COUNTY OF HARRIS            §

    The undersigned affiant, being a peace officer under the laws of the State of Texas and being duly sworn on oath certifies that the foregoing warrant came to hand on the same day issued and that it was executed on the _____ day of _____ A.D., 1992, and the following persons were arrested as directed:

_____

    Sworn to and Subscribed before me, the undersigned authority, on this the _____ day of _____ A.D., 1992.

_____
NOTARY PUBLIC in and for
Harris County, Texas

RECORDER'S MEMORANDUM:
This instrument is of poor quality
and not satisfactory for photographic
recordation; and/or alterations were
present at the time of filming.

EXHIBIT 3

3433 | 838        0000 00

EXHIBIT F

NO. 643412

THE STATE OF TEXAS

VS.

LEONARD KITT

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

209TH JUDICIAL DISTRICT

MOTION TO SUPPRESS EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW LEONARD KITT, defendant, and in support of this motion shows as follows:

I.

This motion is based on the 4th Amendment to the U.S. Constitution, Article I section 9 of the Texas Constitution, and Article 38.23 of the Code of Criminal Procedure.

II.

Defendant was unreasonably and illegally arrested on or about September 8, 1992 in Harris County. The affidavit of L.S.Ott does not establish probable cause for issuance of an arrest warrant. Defendant was arrested in violation of the law as set out above.

III.

Defendant seeks suppression of all evidence, direct indirect, whether testimonial, factual, or scientific, obtained

RECEIVED

KATHERINE TYRA
District Clerk
DEC 29 1992
Harris County, Texas

By _____ Deputy

a result of the defendant's illegal and unreasonable arrest.

WHEREFORE, defendant prays this motion be granted.

Respectfully submitted,

KEN GOODE
6420 Richmond, Suite 490
Houston, Texas   77057
(713)   266-0335
STATE BAR NO. 08143200

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the fore-
going was delivered to all counsel of record this 29 day of
_____Dec._____, 1992.

KEN GOODE

## O R D E R

BE IT REMEMBERED that on this day the foregoing motion
was GRANTED/DENIED;

SIGNED this _____day of _____, 199_.

_____
JUDGE PRESIDING